SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY V.
BERNARDINO GONZALES.

Decided January 28, 1903.

**1.—Railroads—Personal Injuries—Negligence—Charge.**

See charge in an action for injury to one in the service of a railroad company who, while rightfully on the company's platform, and attempting to load goods on a flat car, was struck by a sidebrake rod upon a moving car, and projecting over the platform, which is held to present the law as to the defendant company's liability as favorably as it could require.

**2.—Convict—Personal Injury.**

Though a convict, hired out to a railroad company, may be acting under the orders and instructions of an officer placed over him by the State, yet, if while so acting he is injured by the negligence of the railway company, he is entitled to recover damages therefor.

**3.—Same.**

It would not affect the convict's right of recovery had the work he was doing been for the State instead of the railway company.

Appeal from the District Court of Gonzales. Tried below before the Hon. M. Kennon.

*Harwood & Walsh,* for appellant.

*S. H. Hopkins* and *J. W. Rainbolt,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by the appellee against appellant to recover damages for personal injuries alleged to have been inflicted upon him by the negligence of the railway company. The appellant answered by general and special exceptions, a general denial, and a special plea of contributory negligence. The trial of the case resulted in a judgment in favor of the appellee for $2000, from which appellant has appealed.

*Conclusions of Fact.*—On November 2, 1900, the appellee was one of a gang of penitentiary convicts hired by the State of Texas to the appellant to work on its railroad. The convicts, during the term of their employment, were in the custody and under the control of one E. B. Stedman, a sergeant in the employ of the State of Texas, who was also employed by appellant as an assistant section foreman in working the gang of convicts. While appellant's section foreman directed and superintended the work done by them, in doing the work the convicts were under the immediate control, supervision, direction and order of the sergeant, whose orders they were compelled to obey, any disobedience of them subjecting the convicts to punishment by flogging.

During the time they were hired to the appellant the rations were furnished the convicts by the State. On the day stated, the gang of

convicts having ceased work for dinner at Slayden, the appellee and another convict were ordered by the sergeant to throw a sack of peas, furnished as rations, upon a flat car of a passing train, so that it could be carried to the commissary car in which the rations of the gang were stored, and while in the act of obeying the order appellee was struck on the head by a brake rod, which appellant had negligently permitted to become so bent as to project over the platform where appellee ·was at the time endeavoring to obey the order of the sergeant, and was thereby knocked from the platform under the wheels of the car, which ran over and mashed and mangled his foot and ankle so as to render their amputation necessary. The appellee was neither guilty of nor chargeable with any negligence proximately contributing to his injury, but the same was proximately caused by the negligence of appellant in running the train on which there was a car with a brake rod projecting over the platform where appellee was doing the work.

*Conclusions of Law.*—As the assignments of error are directed to the refusal of the court to give a number of special charges asked by appellant, and complain of the charge given, we will, in order to discuss them intelligently, insert the charge of the court, as well as such special instructions as were given at appellant's instance. Before doing so, we will remark that we believe that, when they are read and considered in reference to the evidence, they will be found to constitute a complete refutation of appellant's assignments of error.

After properly defining negligence and contributory negligence, the main charge of the court proceeds as follows: "(3) If you find from the evidence that on or about the 2d day of November, 1900, the plaintiff was a convict in charge of a sergeant at Slayden; that he was on the platform of the defendant's station at Slayden, and that he was rightfully upon said platform and rightfully at the place on said platform that he was at the time he was injured; and that, being at said place, he attempted to put a sack of peas upon a flat car attached to one of defendant's engines and then in motion, and if you further find from the evidence that, while attempting to put said sack of peas upon the car, a side brake rod upon one of the flat cars of defendant, also attached to said engine and then in motion, was bent so as to project over the platform upon which plaintiff then stood, and that by reason of its so projecting, said brake rod struck the plaintiff and knocked him from the platform to the ground; that thereby plaintiff's foot was crushed by defendant's train in such a manner as to necessitate the amputation of the limb above the ankle and below the knee; and if you further find from the evidence that the condition of the brake rod was known to the agents and servants of defendant in charge of the convict train; or if, in the exercise of ordinary care, its condition ought to have been known to said servants and agents of defendant, previous to the accident and in time to remedy the defect, and was known to the plaintiff; and if you further find from the evidence that as to the plaintiff it was negligence

on the part of the defendant to operate the car upon which the bent brake was as it was then operated, and that the condition of the brake was the result of negligence on the part of the defendant, and that such negligence was the proximate cause of the injury to the plaintiff—then the plaintiff would be entitled to recover, unless you find that he was guilty of such contributory negligence on his part as to preclude his recovery, in regard to which you will be further charged."

In special charge No. 5, given at appellant's request, negligence and contributory negligence are again defined. After these definitions such charge is as follows: "If, therefore, you believe from the evidence in this case that the plaintiff, Bernardino Gonzales, while attempting to load a sack of peas on a loaded flat car was knocked down and injured by being struck on the side of the head by a side brake on said flat car; and if you further so believe that the said Gonzales was guilty of negligence, as negligence is hereinbefore explained, in attempting to load said peas on the said flat car loaded with dirt at the time and place and under the circumstances he was there; or if you believe from the evidence that the said Gonzales was attempting to load said sack of peas on said flat car in disobedience to his orders; and if you believe that he was guilty of negligence in failing to use ordinary care and proper care to exercise his faculty of seeing said side brake; and if you further believe that such negligence on the part of the said Gonzales approximately caused or contributed to cause his injuries—then you will return a verdict for the defendant, the San Antonio & Aransas Pass Railway Company, no matter if you should find that the said side brake was actually bent and leaning out over the platform, or whether it was standing in its natural position. The condition or position of the brake under these circumstances would make no difference and the plaintiff can not recover."

Special charge number 6, given at appellant's instance, also contains definitions of negligence and contributory negligence. After these definitions, it proceeds as follows: "If, therefore, you believe from the evidence in this case that the plaintiff, Bernardino Gonzales, while attempting to load a sack of peas on a flat car, received the injuries complained of by being struck on the side of the head by a side brake of the flat car; and if you further so believe that the said Gonzales was acquainted with the said flat cars, and had been working in and around the same for a sufficient length of time for him to have become familiar with said flat cars and side brakes; and if you further believe that he could have seen the said side brakes by the exercise of ordinary care and using his eyes; or if you believe that the danger was apparent to an ordinary person, and that in the face of said danger the said Gonzales attempted to pitch said sack of peas on the car, and thereby was guilty of negligence and failure to use ordinary care and proper care to exercise his faculty of seeing; and if you believe that such negligence on the part of the said Gonzales approximately caused or contributed to his injuries, then you will return a verdict for the defendant, regardless

of the condition of the said side brake, as it does not matter whether it was in good condition or whether it was bent over, the plaintiff can not recover under these circumstances."

Special charge number 14, given at appellant's request, is as follows: "Railway companies are not bound under the law to furnish any particular kind of appliances on their trains, and they are not to be the judges of their suitability for the particular kind of work for which they are to be used, but it is their duty to see that they are to be reasonably safe and to have them repaired if they are out of repair within a reasonable time after any defect is called to their attention; and if, under these circumstances, and after a reasonable notice, the railway company fails to put such appliances in such repair as will make them reasonably safe for its employes, and injury results from such defective appliances, the defendant is liable for damages, but even if injury does result it must be shown by the plaintiff that the injury if any grew out of the defective appliances. In this case you are instructed that even if you should find that the brake was defective, or leaning, or bent, but that the accident to plaintiff was not caused thereby, but when caused from his leaning over the car to keep the bag of beans from falling, and that his head would have been struck, under the testimony, by the brake had it been in an upright and natural position, and the accident was caused from the act of leaning over the car, then you will find for the defendant."

If either the main charge or the special charges copied were complained of by the appellee, we should be constrained to hold that they are not free from criticism; but as to appellant, they present the law made by the pleadings and evidence in the most favorable light possible. To have given special charge number 2, the refusal of which is made the subject of appellant's first assignment of error, would have been merely to repeat the substance of special charge number 5, which was given to the jury at appellant's request.

By special charge number 3, the court was requested to instruct the jury that "if they should find from the evidence that, in moving the sack of peas from the platform to the commissary car, Gonzales, and the other convict assisting him, attempted to throw the sack on the car which was being operated by defendant company, and if at the time he was acting under instructions and command of Stedman, sergeant of the State of Texas, then it would make no difference whether Stedman commanded Gonzales to throw the sack of peas on the flat car or whether he did or did not give this command, if the evidence shows that he was acting under orders of Stedman and received his orders while so acting, he can not recover." This charge ignores entirely the act of negligence of appellant in operating its train with a brake rod bent and extending over the platform where the appellee was compelled to be at work by the orders of the sergeant, who held him in custody for the State, and relieves the appellant from the act of such negligence, though it is shown to be the proximate cause and efficient cause of appellee's injury.

Though a convict may be acting under the orders and instructions of an officer placed over him by the State, if while so acting he is injured by the negligence of a railway company, he is entitled to recover from it such damages as flow from the injuries inflicted by such negligence. It was the negligence of the appellant, and not appellee's obedience or disobedience to the order of the sergeant, that caused him to be knocked down and run over by the wheels of appellant's train.

Special charge number 4 is to the effect that if the jury believed from the evidence that at the time appellee received the injuries complained of, he was disobeying the orders of the sergant in attempting to throw a sack of peas upon a moving flat car loaded with dirt, and that in such disobedience he was struck on the head by a side brake of the flat car, and thereby thrown under the train and had his foot cut off, he could not recover, no matter what condition the side brake was in that struck him, whether in or out of repair. This charge is subject to the same criticism given the one just considered. Though a convict, the appellant owed the appellee at least as much duty as it did members of the public liable to be where they would in all probability be injured by the projection of a brake rod propelled along its track. The case of Missouri, K. & T. Railway Co. v. Scarborough, 29 Texas Civ. App., 124, 4 Texas Ct. Rep., 905, 68 S. W. Rep., 196, is one where the plaintiff was knocked from a skidway by a piece of timber projecting from a moving car and run over and injured by the train, and this court held that the company was charged with the knowledge that members of the public were liable to be where they would in all probability be injured by projections from cars propelled along its track, and that it was the railway company's duty to save the public from such danger by seeing that the cars were free from such projections. In support of this holding we cite Railway v. Gee, 3 Texas Ct. Rep., 706; Railway v. Davis, 25 Texas Civ. App., 8, 58 S. W. Rep., 698; Dobiecki v. Sharp, 88 N. Y., 207; Sullivan v. Railway, 2 So. Rep., 586; Hicks v. Railway, 64 Mo., 430; Archer v. Railway, 106 N. Y., 589, 13 N. E. Rep., 318, which hold that a railway is responsible to persons who are injured, when they are where they had the right to be, and where the company might reasonably expect them to be, by the projection of anything from a car over where such persons were standing. The appellee not only had a right to be where he was when he was struck by the projecting brake rod, but he was compelled to be there. In being where he was he had no volition; he was not a free agent, but a convict and prisoned. When the railroad company unloaded the sacks of peas on the platform for the gang of convicts, it knew that some of them would be ordered there to remove the sacks to the commissary car, and knowing this, it can not escape the responsibility for the injury it inflicted upon the appellee by its negligence in running the car there along with a brake rod projecting over the platform where the sacks of peas were to be handled.

The appellant would have been as much liable for the act of negligence which caused appellee's injury if the work he was doing under the

orders of Stedman was for the State, as it would have been had the work been done under Stedman's orders as an assistant foreman for the benefit of the railroad company. Therefore, the appellant was not prejudiced by the failure of the court to give special charge number 7 complained of in appellant's fourth assignment of error.

What we have said as to the assignments of error already considered, we believe is sufficient to show that there is no merit in any one of the remaining assignments.

There is no error assigned which entitles the appellant to a reversal of the judgment, and it is therefore affirmed.

*Affirmed.*

Writ of error refused.