**Leopold Lee PEDRAZA, Appellant,**

v.

**CROSSROADS SECURITY SYSTEMS, et al., Appellees.**

No. 13–96–233–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 18, 1997.

**340**

Leopold Lee Pedraza, Huntsville, for appellant.

Neftali J. Villafranca, Victoria, for appellees.

Before DORSEY, FEDERICO G. HINOJOSA, Jr., and RODRIGUEZ, JJ.

## OPINION

DORSEY, Justice.

Appellant, Leopold Pedraza, while serving time in prison, filed a *pro se, in forma pauperis* lawsuit against Crossroads Security Systems and two of its employees, appellees, alleging negligence, false arrest, and false imprisonment. After appellant filed several motions for appointment of counsel and for the issuance of a bench warrant, the 377th District Court of Victoria County dismissed appellant's case for want of prosecution. Appellant contends the trial court erred in dismissing for want of prosecution, in failing to issue a bench warrant, in refusing to appoint counsel to represent appellant, and in refusing to provide a hearing for appellant's motion to reinstate. We reverse.

Incarcerated in the Texas Department of Criminal Justice, Institutional Division, appellant filed a *pro se* lawsuit against Crossroads and two of its security guards, Betty Marrufo and Fidel Puente, on January 24, 1995. Appellant's complaint centered around the security guards' apprehension of appellant as he attempted to break into a vehicle outside of the El Paso Lounge in Victoria County. On July 7, 1995, appellant filed his first motion for appointment of counsel, or alternatively, issuance of a bench warrant to be present at a July 14, 1995 hearing. No record of the hearing appears in the transcript. On the same day, appellant filed a motion to preserve error for appellate review and a motion for writ of habeas corpus *ad testificandum*[1] to appear at the July 14 hearing. No such writ issued. Subsequently, appellees filed a general denial. Appellant then filed interrogatories on November 20, 1995; appellees did not respond to the discovery request. As a result, appellant

moved for sanctions, to strike appellees' answer, and for default judgment. On March 20, 1996, appellant again filed a motion for appointment of counsel, citing *Hosey v. County of Victoria,* 832 S.W.2d 701 (Tex. App.—Corpus Christi 1992, no writ), and for issuance of a bench warrant to be present at a hearing set for April 2, 1996, regarding whether the case should be dismissed for want of prosecution. No ruling on these motions appears in the record. Following the April 2nd hearing, held in appellant's absence, the trial court dismissed the lawsuit for want of prosecution.

## FAILURE TO APPOINT COUNSEL

■ Appellant challenges the trial court's refusal to appoint counsel. While a district judge has the discretion to appoint counsel for an indigent party in a civil case, TEX. GOV'T CODE ANN. § 24.016 (Vernon 1988), the Texas Supreme Court has never recognized a right to counsel in civil cases. *Travelers Indem.Co. v. Mayfield,* 923 S.W.2d 590, 594 (Tex.1996). The supreme court noted, however, "in some exceptional cases, the public and private interests at stake are such that the administration of justice may best be served by appointing a lawyer to represent an indigent civil litigant." *Mayfield,* 923 S.W.2d at 594. Pedraza has afforded us no argument supporting a finding that his case represents such an exception. Moreover, appellant's failure to request appropriate findings of fact and conclusions of law pursuant to rules of civil procedure 296 and 297 leaves us unable to reach this conclusion ourselves. Appellant's third point of error is overruled.

## FAILURE TO ISSUE BENCH WARRANT

■ In his second point of error, Pedraza complains of the trial court's failure to issue a bench warrant[2] to afford appellant an

---

1. The writ of habeas corpus *ad testificandum* is the writ used to bring a prisoner before the court to give evidence. 97 C.J.S. *Witnesses* § 30 (1957).

2. The power of the district court to order a prisoner brought before the court to testify in a civil case is well established. The type of order to be used is sometimes referred to as an attach-

ment or bench warrant. *See* TEX.CODE CRIM. PROC. ANN. art. 24.13 (Vernon 1966). More properly, the order is a writ of habeas corpus *ad testificandum. See* 97 C.J.S. *Witnesses* § 30 (1957); *see also,* 28 U.S.C. § 2241 (1977). The district courts are vested with jurisdiction to issue such a writ. *See* TEX. CONST. art. 5, § 8; *Brewer v. Taylor,* 737 S.W.2d 421, 423–24 (Tex.App.—Dallas 1987, no writ).

opportunity to appear at hearings related to his lawsuit. A prisoner has a constitutional right to access the courts. *Bounds v. Smith,* 430 U.S. 817, 820, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977); *Ex parte Hull,* 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034 (1947). However, as we have previously held, prisoners have no absolute right to appear personally at civil proceedings. *Nance v. Nance,* 904 S.W.2d 890, 893 (Tex.App.—Corpus Christi 1995, no writ) (citing *Pruske v. Dempsey,* 821 S.W.2d 687, 689 (Tex.App.— San Antonio 1991, no writ), and *Brewer* v. *Taylor,* 737 S.W.2d 421, 423 (Tex.App.—Dallas 1987, no writ)); *see also Lewis v. Casey,* 518 U.S. 343, ——, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606 (1996); *Bounds v. Smith,* 430 U.S. 817, 820, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977); *Johnson v. Rodriguez,* 110 F.3d 299, 310–11 (5th Cir.1997).

■ In determining whether an inmate should attend court proceedings, the trial court must balance the interest of the State in preserving the integrity of the correctional system with the prisoner's interest in access to the courts and strike a balance that is fundamentally fair. Factors to be considered in weighing these two interests include: the cost and inconvenience of transporting the prisoner, the security risk presented by the prisoner, the substance of the matter, the need for witnessing the prisoner's demeanor, whether the trial is before a jury or judge, and the possibility of delaying trial until the prisoner is released. *Pruske,* 821 S.W.2d at 689 (citing *Stone v. Morris,* 546 F.2d 730, 735–36 (7th Cir.1976)); *see also Ballard v. Spradley,* 557 F.2d 476, 480–481 (5th Cir. 1977).

■ Given that a prisoner has no right to appear in court in a civil case he has initiated, it follows he must justify his personal appearance. Pedraza offered no such justification. His application for writ of habeas corpus *ad testificandum* contains no basis or argument for granting it. Further, Pedraza did not request or obtain a ruling on any of his motions therefore he cannot complain that they were not granted. See *Moore v. Rotello,* 719 S.W.2d 372, 380 (Tex.App.— Houston [14th Dist.] 1986, writ ref'd n.r.e.). Considering the state of the record, the dis-

trict court's refusal to grant Pedraza's writ was not an abuse of discretion. Appellant's second point of error is overruled.

## DISMISSAL FOR WANT OF PROSECUTION

■ In his first point of error, appellant asserts the trial court erred in dismissing his lawsuit for want of prosecution. A trial court may dismiss a lawsuit on the failure of a party or his attorney "to appear for any hearing or trial of which the party had notice." TEX. R. CIV. P. 165a (1). We review a dismissal for want of prosecution under a clear abuse of discretion standard; the central issue is whether appellant exercised reasonable diligence. *MacGregor v. Rich,* 941 S.W.2d 74, 75 (Tex.1997); *Hosey,* 832 S.W.2d at 704. The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles or, equivalently, whether under all the circumstances of the particular case the trial court's action was arbitrary or unreasonable. *Koslow's v. Mackie,* 796 S.W.2d 700, 704 (Tex.1990); *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985) (citing *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124, 126 (Tex. Comm'n App.—1939, opinion adopted)). That a trial court may decide a matter within its discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Downer,* 701 S.W.2d at 242 (citing *Southwestern Bell Tel. Co. v. Johnson,* 389 S.W.2d 645, 648 (Tex.1965) and *Jones v. Strayhorn,* 159 Tex. 421, 321 S.W.2d 290, 295 (1959)). A mere error of judgment is not an abuse of discretion. *Loftin v. Martin,* 776 S.W.2d 145, 146 (Tex.1989).

■ At the outset, we note appellees have not afforded us the benefit of a brief on this issue. The trial court based dismissal of Pedraza's claim solely on his failure to prosecute or, phrased differently, his failure to act with reasonable diligence. While appellees have not challenged Pedraza's right to bring this cause of action from prison, we agree with our sister court's consideration of the question:

Texas courts appear to assume that an incarcerated felon has the right to initiate a civil action unrelated to his conviction or imprisonment. *See San Antonio & A.P. Ry. v. Gonzales*, 31 Tex.Civ.App. 321, 72 S.W. 213, 215 (1903, writ ref'd); *see also Dancer v. City of Houston*, 384 S.W.2d 340, 344–345 (Tex.1964); *see generally* Annotation, Right in Absence of Express Statutory Authorization, of One Convicted of Crime and Imprisoned or Paroled, to Prosecute Civil Action, 74 A.L.R.3d 680 (1976). Such assumption is properly based upon the constitutional prohibition of outlawry. TEX. CONST. art. 1, § 20; TEX.CODE. CRIM. PROC. ANN. art. 1.18 (Vernon 1977).

*Brewer*, 737 S.W.2d at 424 n. 2.

Given no argument regarding the propriety of this cause of action, nor any basis for its dismissal other than lack of reasonable diligence, we will only consider whether the trial court properly concluded Pedraza waived his right to his day in court through inaction.

■ A review of the limited record before us reveals appellant's lawsuit remained on file slightly over fourteen months before dismissal. During that time, Pedraza filed at least nine motions and served interrogatories on appellees. Pedraza pursued every means available to him to appear at the hearings relating to his lawsuit; he filed motions for bench warrants, appointment of counsel, and continuance, as well as writs of habeas corpus *ad testificandum*. We conclude Pedraza pursued his claim with all the means at his disposal and with reasonable diligence. While we find no abuse of discretion in the trial court's failure to appoint counsel or issue a bench warrant[3] drawing appellant out of jail to attend hearings, we must conclude, under the circumstances before us, the trial court's decision to dismiss for failure to prosecute was arbitrary and unreasonable.

Appellant's first point of error is sustained; consequently we REVERSE and REMAND.

---

3. Should the trial court determine the prisoner is not entitled to appear personally in the proceedings, then he should be permitted to "proceed by affidavit, deposition, telephone, or other effective means." *Byrd v. Attorney Gen.*, 877 S.W.2d 566, 569 (Tex.App.—Beaumont 1994, no writ) (citing

*Jerry v. Francisco*, 632 F.2d 252, 255–56 (3rd Cir.1980)); *see also Pruske*, 821 S.W.2d at 689; *Birdo v. Holbrook*, 775 S.W.2d 411, 414 (Tex. App.—Fort Worth 1989, writ denied); *Holt v. Pitts*, 619 F.2d 558, 561–63 (6th Cir.1980).