TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00296-CV






Hubert Earl Teague, Jr., Appellant



v.



The City of Austin, Sgt. Randy Sharp, and Officer Chris Vallejo, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. 99-00216, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING 






 Appellant Hubert Teague, an inmate, appeals pro se and in forma pauperis from the
district court's judgment finding his lawsuit against the City of Austin (the "City") and Austin Police
Department employees Sgt. Randy Sharp and Officer Chris Vallejo (the "Officers") frivolous and
dismissing it with prejudice. See Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) (West Supp.
2001). Raising three issues, Teague contends that the district court abused her discretion by
dismissing his lawsuit as frivolous without holding a fair hearing and denying his requests for a
bench warrant and appointed counsel. We will affirm the judgment.


Background


 In January 1999, Teague sued the City and the Officers. Teague alleged in his
petition that in February 1997 while registered as a guest at a motel in Austin, he was arrested and
charged with possession of a controlled substance. (1) Ultimately, the grand jury no-billed the
possession charge. (2) Teague alleged that since March 1997, he has attempted to have the Department
return personal property to him that the Officers seized during his arrest. He acknowledged that in
March 1998, the Department gave him a reimbursement check for his seized currency, however, he
alleged that other personal property had not been returned to him. He alleged that the City, through
the Officers' negligent acts, violated his constitutional rights by searching and seizing his personal
property without due process. Teague sought a declaratory judgment stating that the Officers'
negligent actions in following city policies during his arrest and taking his personal property violated
the Fourth and Fourteenth Amendments to the federal constitution and Article 1 sections 9 and 19
of the state constitution. Additionally, Teague sought consequential and exemplary damages alleging
that because of the Officers' negligence, his property was taken from a secure location and, while
in the Department's possession, mishandled, resulting in it being given to someone else, stolen, lost,
or misplaced. 

 The City and the Officers answered Teague's lawsuit and generally denied the
allegations raised in his petition. They also asserted the affirmative defense of res judicata claiming
that this suit was precluded by Teague's previously decided federal lawsuit involving the same
parties and related issues. Additionally, they asserted the doctrine of collateral estoppel, claiming
that Teague raised these issues previously against them in the federal lawsuit. 

 The City and the Officers then filed a motion to dismiss Teague's lawsuit. They
alleged that there was no basis in law or fact for Teague's lawsuit since the doctrine of res judicata
applied due to Teague's previous federal lawsuit in which he alleged the same operative facts and
constitutional violations as this lawsuit. All claims were resolved against him when the federal court
signed a final judgment in favor of the City and the Officers ruling that Teague take nothing on his
claims. (3) Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b)(2) (West Supp. 2001). The City and the
Officers contended further that the suit was frivolous, malicious and substantially similar to Teague's
previous federal lawsuit and should be dismissed. Id. § 14.003(a)(2). The City and the Officers
attached to their dismissal motion copies of pleadings and rulings from the related federal lawsuit. 
Additionally, they asserted that declaratory relief was not available to Teague. Teague responded
to the dismissal motion and conceded that declaratory relief was unavailable. (4) 

 On March 21, 2000, the district court heard the City's and the Officers' motion to
dismiss. On the same day, the district court signed an order finding that Teague's lawsuit was
frivolous and granting the City's and the Officers' request for dismissal. See Tex. Civ. Prac. & Rem.
Code Ann. § 14.003(a)(2). Teague was not present at the hearing. On May 25, the district court
filed findings of fact and conclusions of law. The district court determined that Teague's complaints
against the City and the Officers in his federal lawsuit and the state lawsuit were based on events that
occurred at the same time and location. Both lawsuits alleged constitutional violations. Both
lawsuits were based on claims of an unlawful search of Teague's motel room and an unlawful
seizure of his personal property from the motel room. The federal court had granted summary
judgment in favor of the City and the Officers. The district court concluded that Chapter Fourteen
of the Texas Civil Practice and Remedies Code regarding inmate litigation applied to this lawsuit. 
See Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a). Additionally, the court determined: (1) that the
claims in the state lawsuit were substantially similar to previous claims filed by Teague because the
claims arose out of the same set of operative facts; (2) the negligent acts Teague alleged in his state
lawsuit were not constitutional violations; (3) his claim of negligent violation of his constitutional
rights had no arguable basis in law; (4) Teague's federal claims involved the same parties and were
resolved by a final judgment; (5) the state claims were the same or substantially similar to the federal
claims; (6) Teague's claims were barred by res judicata; and finally (7) Teague's claims were
frivolous.

 On appeal, Teague contends that the district court "abused its discretion by dismissing
his lawsuit as frivolous without holding a fair hearing," by denying his request for a bench warrant,
and by denying his request for appointed counsel.

Discussion


 Teague's first contention is that the district court did not hold a "fair" hearing on the
City's and the Officers' dismissal motion. Teague does not explain what he believes would have
constituted a fair hearing. We will, therefore, review the district court's actions in determining that
Teague's lawsuit was frivolous and dismissing it with prejudice. 

 The district court's order reflects that on March 21, 2000, the court held a hearing on
the City's and the Officers' motion to dismiss. Although the district court did not bench warrant
Teague to the hearing or entertain oral argument from him, the district court reviewed the evidence
attached to the motion and the other pleadings and evidence contained in the file. The district court
found that Teague's lawsuit was precluded based on the doctrine of res judicata and therefore,
because there was no basis in fact or law for the lawsuit, it was a frivolous suit and should be
dismissed. Tex. Civ. Prac. & Rem. Code Ann. § 13.001(a)(2), (b)(2) (West Supp. 2001). 

 Res judicata applies when there is a final judgment between the same parties that
addressed the same or similar claims. Amstadt v. U.S. Brass Corp., 919 S.W.2d 644, 647 (Tex.
1996). Here, clearly the same parties were involved in the federal lawsuit and the facts essential to
that judgment are the same as the ones in this lawsuit. The claims asserted in the federal lawsuit
were essentially the same as those asserted in Teague's petition in his state lawsuit. Both lawsuits
complain about the Officers' unlawful search of Teague's motel room and unlawful seizure of his
personal property. Based on the proof attached to the City's and the Officers' motion, the district
court was able to determine that the doctrine of res judicata applied. Because Teague's suit was
precluded by the doctrine of res judicata, there existed no arguable basis in law or fact for his suit
and the district court did not abuse her discretion in finding Teague's lawsuit frivolous and
dismissing it with prejudice. Additionally, section 14.003(c) provides that in determining whether
a lawsuit is frivolous a court may hold a hearing. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(c)
(West Supp. 2001) (emphasis added). The statute, therefore, permits but does not require a court to
hold a hearing before ruling on a claim that an indigent, pro se inmate's lawsuit is frivolous or
malicious. Thomas v. Wichita Gen. Hosp., 952 S.W.2d 936, 938 (Tex. App.-Fort Worth 1997, no
pet.). Teague's contention that the district court failed to hold a fair hearing is overruled. 

 Teague's second contention is that the district court abused her discretion by denying
his request for a bench warrant. A litigant cannot be denied access to the courts simply because he
is an inmate. Hudson v. Palmer, 486 U.S. 517, 523 (1984); Nichols v. Martin, 776 S.W.2d 621, 623
(Tex. App.-Tyler 1989, orig. proceeding). The right of access to the courts, however, does not give
an inmate an unconditional right to appear personally, particularly if the merits can be determined
without his presence. Pedraza v. Crossroads Security Sys., 960 S.W.2d 339, 342 (Tex.
App.-Corpus Christi 1997, no pet.); Nance v. Nance, 904 S.W.2d 890, 892 (Tex. App.-Corpus
Christi 1995, no writ); Brewer v. Taylor, 737 S.W.2d 421, 424 (Tex. App.-Dallas 1987, no writ). 
Given that an inmate has only a qualified right to personally appear in court in a civil action, it
follows that he must justify his personal appearance. Pedraza, 960 S.W.2d at 342; Brewer, 737
S.W.2d at 424. In determining whether an inmate should personally attend court proceedings, the
trial court must strike a fundamentally fair balance between the State's interest in preserving the
integrity of the correctional system and the inmate's interest in access to the courts. Pedraza, 960
S.W.2d at 342; Brewer, 737 S.W.2d at 423-24. There are several factors to be considered by a trial
court in determining if an inmate's request for a bench warrant should be granted. Pedraza, 960
S.W.2d at 342 (lists ten factors to consider regarding bench warrant request). The decision to bench
warrant an inmate rests within the sound discretion of the trial court. Nance, 904 S.W.2d at 892.

 Initially, we note that the clerk's record does not contain a request by Teague for a
bench warrant for the March 21 hearing. The clerk's record reflects that Teague requested a bench
warrant for a September 7, 1999 hearing and also reflects that the district court denied Teague's
request for a bench warrant on January 24, 2000. Assuming Teague requested a bench warrant for
the March 21 hearing, we hold that there was no compelling reason for the district court to arrange
for Teague to personally attend the dismissal hearing. The substantive issue at the dismissal hearing
was whether the doctrine of res judicata applied so that there was no arguable basis in law or fact
for Teague's lawsuit thereby rendering the lawsuit frivolous and subject to dismissal under section
14.003(a)(2). This was a question of law the district court could resolve solely by reviewing
Teague's pleadings and the certified court documents from Teague's federal lawsuit. Live testimony
before the court, therefore, was unnecessary. We hold that Teague has failed to show that the district
court abused her discretion in denying his request for a bench warrant. Teague's second contention
is overruled.

 Finally, Teague contends that the district court abused her discretion in denying his
request for appointed counsel. A district judge has the power to appoint counsel for an indigent party
in a civil case. Tex. Gov't Code Ann. § 24.016 (West 1988). Neither the Texas Legislature nor the
Texas Supreme Court, however, has recognized a right to counsel in all civil cases. Travelers Indem.
Co. v. Mayfield, 923 S.W.2d 590, 594 (Tex. 1996); Coleman v. Lynaugh, 934 S.W.2d 837, 839 (Tex.
App.-Houston [1st Dist.] 1996, no writ). In "some exceptional cases, however, the public and
private interests at stake are such that the administration of justice may best be served by appointing
a lawyer to represent an indigent civil litigant." Travelers, 923 S.W.2d at 594; Coleman, 934 S.W.2d
at 839. 

 The district court denied Teague's request for appointed counsel on January 24, 2000. 
Because the issue to be resolved-whether there was indeed no basis in law or fact for the lawsuit
because the doctrine of res judicata precluded Teague's lawsuit against the City and the Officers
rendering the lawsuit frivolous and subject to dismissal-was an issue of law determinable from the
pleadings and the federal lawsuit documents submitted as evidence, there was no need to appoint an
attorney to further develop evidence for Teague. Teague has not demonstrated that the district court
abused her discretion in denying his request for appointed counsel. Teague's third issue is overruled. 

 We affirm the district court's judgment.



 __________________________________________

 Lee Yeakel, Justice



Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: May 10, 2001

Do Not Publish
1.   By the same petition, Teague also sued the motel and its former general manager. The district
court severed these claims and granted the motel's and the former general manager's motion for
summary judgment. This Court affirmed the district court's judgment. Teague v. Holiday Inn
Express, No. 3-00-519-CV (Tex. App.--Austin April 19, 2001, no pet. h.) (not designated for
publication). 
2.   Currently, Teague is incarcerated for an unrelated offense.
3.   The federal-court judgment became final on August 17, 1998, after Teague moved to dismiss
his appeal to the Fifth Circuit. 
4.   He f
urther responded that although the same events were involved in both lawsuits, his state
action concerns "a breach of contract resulting in [a] constitutional violation which subsequently
led to the loss of his personal property." He states that this issue has not been finally decided by
any court. In reviewing Teague's petition, we find no allegation that the City or the Officers
breached any contract with Teague that resulted in a constitutional violation. 



ain a request by Teague for a
bench warrant for the March 21 hearing. The clerk's record reflects that Teague requested a bench
warrant for a September 7, 1999 hearing and also reflects that the district court denied Teague's
request for a bench warrant on January 24, 2000. Assuming Teague requested a bench warrant for
the March 21 hearing, we hold that there was no compelling reason for the district court to arrange
for Teague to personally attend the dismissal hearing. The substantive issue at the dismissal hearing
was whether the doctrine of res judicata applied so that there was no arguable basis in law or fact
for Teague's lawsuit thereby rendering the lawsuit frivolous and subject to dismissal under section
14.003(a)(2). This was a question of law the district court could resolve solely by reviewing
Teague's pleadings and the certified court documents from Teague's federal lawsuit. Live testimony
before the court, therefore, was unnecessary. We hold that Teague has failed to show that the district
court abused her discretion in denying his request for a bench warrant. Teague's second contention
is overruled.

 Finally, Teague contends that the district court abused her discretion in denying his
request for appointed counsel. A district judge has the power to appoint counsel for an indigent party
in a civil case. Tex. Gov't Code Ann. § 24.016 (West 1988). Neither the Texas Legislature nor the
Texas Supreme Court, however, has recognized a right to counsel in all civil cases. Travelers Indem.
Co. v. Mayfield, 923 S.W.2d 590, 594 (Te