NUMBER 13-00-786-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI


KELTON MORRIS , Appellant,

v.


THE TEXAS DEPARTMENT OF 

CRIMINAL JUSTICE - INSTITUTIONAL DIVISION , Appellee.



On appeal from the 36th District Court

of Bee County, Texas.




O P I N I O N


Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Justice Castillo


Appellant Kelton Morris appeals from a trial court order dismissing his pro se suit, filed in forma pauperis, for want of
prosecution. He brings nine points of error, all alleging errors made prior to trial, during a prison disciplinary hearing. We
affirm. 

Factual Background

Morris is an inmate incarcerated at the Texas Department of Criminal Justice - Institutional Division (TDCJ-ID) in
Beeville. On December 20, 1999, a prison riot broke out in the administrative segregation area of the McConnell Unit of
the prison. At a TDCJ-ID administrative hearing on January 11, 2000, appellant was found to have participated in the
December 20th riot. He was assigned a pro rata share of the responsibility for the property damage caused by that riot and
was accordingly assessed $534.97 in damages. A judgment lien in this amount was placed against his inmate trust fund
account. 

Morris filed his original petition in the Bee County district court on April 14, 2000, seeking judicial review of the
determinations made at the administrative hearing. On July 12, 2000, TDCJ-ID filed a plea to the jurisdiction based on
Morris's failure to timely file suit in the district court. (1) As a result, the suit was placed on the Non-Jury Trial or Dismissal
docket for November 30, 2000. Morris was sent notice of the November 30th court date on October 12, 2000. Because
Morris failed to request a bench warrant, he was unable to attend the November 30th docket call, and as a result the suit
was dismissed for want of prosecution. This appeal was timely filed. 

No Appealable Points of Error

Although Morris timely filed his appeal from the trial court's order dismissing his case for want of prosecution and timely
filed a brief in support of his appeal, the brief contains no points of error addressing the dismissal itself. Instead, in his nine
points of error, Morris presents arguments related to the prison administrative hearing. The points of error as urged are: 

(1) Appellant complains of insufficient evidence to support the Administrative Agency's and Trial Court finding;

(2) Appellant complained [sic] that the performance of Counsel Substitute was deficient in manner [sic] that Counsel
refised [sic] to obtain documented written statements from witnesses or other evidence conducive to a finding of innocence;

(3) Appellant complains that charging officers [sic] testimony of viewing the Appellant could not show how much did [sic]
Appellant damage upon [sic] a work sheet form of damaged property;

(4) Appellant complains that the stated price of damages to property being $534.97, must be up-held, in fact, by the stated
information present [sic] upon [sic] the work sheet form of damaged property;

(5) Appellant complains that because of his non-appearance and non-allowance to attend [sic] hearing [sic], Appellant was
not awarded the legal contingency [sic] to inquire charging [sic] officer of allegations;

(6) Appellant complained [sic] that the charging officers [sic] offense report conflicted his [sic] verbal statement during the
disciplinary hearing, when officer [sic] rules out any and all statements to do with "destruction of cell doors;"

(7) Appellant complained [sic] of the D.H.O.'s raison d-être for denying the witnesses; the officers present during the riot;
without a legitimate reason other than from [sic] "the opinion" of the charging officer;

(8) Appellant complains that their [sic] was no written documentation of a finding of guilt for either participating in a riot
(8), or destroying state property (18);

(9) Appellant complains that their [sic] was no verbal finding of guilt, nor written [sic], for disciplinary infraction (18),
destruction of state property, only to [sic] infraction (8), participating in a riot, by D.H.O. Captain Bailey, upon punishment
phase of disciplinary hearing.

Morris's nine points of error all allege errors made during the prison disciplinary hearing. Of these points of error, only
point number one complains of the trial court's actions in any manner. That point is erroneous, in that the trial court made
no evidentiary findings prior to dismissing the case for want of prosecution. Nowhere in his points of error, or elsewhere in
his brief, does Morris address the basis for dismissal in this case or argue that error was made in dismissing the case. 
Therefore, we find that Morris has failed to present any addressable points of error for us to review. SeeTex. Gov. Code
Ann. §500.002(d) (Vernon 1998) (district courts are the forum for reviewing administrative hearings); Tex. R. App. P. 25.1
(appellate courts are the forum for review of district court actions). However, in the interest of justice we will review
whether the trial court was correct in dismissing this case for want of prosecution. 


Standard of Review

We review a dismissal for want of prosecution under a clear abuse of discretion standard; the central issue is whether the
appellant exercised reasonable diligence in pursuing his claim. MacGregor v. Rich, 941 S.W.2d 74, 75 (Tex. 1997);
Pedraza v. Crossroads Security Systems, et. al., 960 S.W.2d 339, 342 (Tex. App.-Corpus Christi 1997, no pet.). The test
for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles or, alternatively,
whether the trial court's actions were arbitrary or unreasonable based on the circumstances of the individual case. Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). The fact that, under similar circumstances, an
appellate court might decide a matter differently than did the trial court does not demonstrate that an abuse of discretion has
occurred. Id. at 242. The burden of proof rests on the appellant asserting abuse of discretion to overcome the presumption
that the action of the trial court was justified. Federal Deposit Ins. Co. v. Kendrick, 897 S.W.2d 476, 479 (Tex.
App.-Amarillo 1995, no writ). 

Dismissal for Want of Prosecution

A trial court judge may dismiss a case for want of prosecution under one of two legal grounds. The case may be dismissed
either pursuant to Texas Rule of Civil Procedure 165a(1), or alternatively through the trial court's inherent powers. Tex. R.
Civ. P. 165a(1); Veterans' Land Board v. Williams, 543 S.W.2d 89, 90 (Tex. 1976). Under Texas Rule of Civil Procedure
165a(1), the trial court may dismiss for want of prosecution "on failure of any party seeking affirmative relief to appear for
any hearing or trial of which the party had notice." Tex. R. Civ. P. 165a(1). In order to dismiss a case under rule 165a(1),
the trial court must schedule a dismissal hearing and send notice to the parties of that hearing. Id.; City of McAllen v.
Ramirez, 875 S.W.2d 702, 703 (Tex. App.-Corpus Christi 1994, no writ) (orig. proceeding). If the trial court fails to send
adequate notice to the plaintiff of the dismissal hearing, including the date, time, and location of the hearing, the court may
not dismiss for want of prosecution under rule 165a(1). Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630
(Tex. 1999). At that hearing, the trial court may enter an order dismissing the suit for want of prosecution unless good
cause is shown for the case to remain on the docket. A pro se plaintiff is required to prosecute his case with reasonable
diligence, just like every other litigant. Coleman v. Lynaugh, 934 S.W.2d 837, 838 (Tex. App.-Houston [1st Dist.] 1996,
no writ). 

Morris has not met his burden of proving that the trial court abused its discretion in dismissing the case. Morris presented
no evidence to the trial court at the dismissal hearing to demonstrate good cause for the suit to remain on the docket,
because appellant failed to appear at the hearing. As a prisoner prosecuting his claims through the district court, Morris
was entitled to request an attachment allowing him to appear at the dismissal hearing. See Tex. Code Crim. Proc. Ann. art.
24.13 (Vernon 1989);Pedraza, 960 S.W.2d at 342 n.2. If Morris had requested an attachment allowing him to attend the
hearing, the trial court would have been required to issue the attachment order or otherwise allow him to appear "by
affidavit, deposition, telephone, or other effective means." Id. at 343 n.3 (quoting Byrd v. Attorney Gen., 877 S.W.2d 566,
569 (Tex. App.-Beaumont 1994, no writ)). We held in Pedraza that a trial court abused its discretion by dismissing a
prisoner's case for want of prosecution after refusing that prisoner's request to be allowed to attend the dismissal hearing or
otherwise present evidence in his own behalf. Pedraza, 960 S.W.2d at 343. Here, however, Morris made no request for an
order allowing him to attend the dismissal hearing. Therefore, we do not find that the Bee County district court judge
abused his discretion in dismissing this case for want of prosecution. 

Because we find that the trial court was within its discretion in dismissing the case under Rule 165a(1), we need not
determine whether the dismissal would also have been proper under the trial court's inherent powers. Tex. R. App. P. 47.1.

Conclusion

We affirm the judgment of the trial court dismissing this action for want of prosecution. 

ERRLINDA CASTILLO

Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 28th day of February, 2002.

 

1. Under the Texas Government Code, a party appealing from an administrative ruling in a contested case must file suit
within thirty days of the date that the ruling became final and appealable. Tex. Gov't Code Ann. § 2001.176 (Vernon
2000). Appeals from prison disciplinary hearings are subject to the requirements of section 2001.176. Tex. Gov't Code
Ann. § 500.002(d) (Vernon 1998). In this case, Morris's administrative ruling became final on March 9, 2000, after he had
exhausted his two-step grievance process with the prison system. Morris's petition in Bee County was filed on April 14,
thirty-six days after the administrative decision became final. In his response to TDCJ-ID's plea to the jurisdiction, Morris
did not dispute the lateness of his appeal to the district court but claimed that the prison system's failure to provide him with
legal-sized mailing envelopes until April 6 was the reason for the delay.