11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

In the
Interest of K.J.C.H. and S.K.V.S.

No.
11-02-00057-CV --  Appeal
from Erath County

 

This
appeal arises from a custody battle between ex-spouses regarding the
conservatorship of their minor grandchildren, K.J.C.H. and S.K.V.S.  Appellant is the maternal grandfather of the
children.  Appellee is the maternal
grandmother of the children.  Appellee
initiated proceedings to terminate the parental rights of the children=s parents. 
Appellant intervened in the termination proceedings for the purpose of
seeking to be appointed joint managing conservator of the children along with
appellee.  After severing appellant=s conservatorship claim from the termination
proceedings, the trial court entered an order terminating the parent-child
relationship between the children and their parents.  The issue of conservatorship between appellant and appellee was
subsequently tried to a jury under a separate cause number.  The trial court entered an order appointing
appellee as the sole managing conservator based on the jury=s verdict. 
We affirm.








Appellant
raises four issues on appeal.  His first
and second issues attack the trial court=s award of attorney=s fees to appellee=s attorneys in the amount of $17,500. 
TEX. FAM. CODE ANN. ' 106.002(a) (Vernon 2002) provides that a trial court may order a party
to pay reasonable attorney=s fees in a suit affecting the parent-child relationship.   The court=s charge included a question seeking a determination by the jury of the
amount of the attorney=s fees
incurred by appellee in the conservatorship proceedings.   The jury found the amount of appellee=s attorney=s fees to be $17,500.  Appellant attacks the factual sufficiency of
the evidence supporting the jury=s award in his first issue.  In
order to determine if the evidence is factually sufficient, we must review all
of the evidence and determine whether the challenged finding is so against the
great weight and preponderance of the evidence as to be manifestly unjust.  Pool v. Ford Motor Company, 715 S.W.2d 629
(Tex.1986); In re King's Estate, 244 S.W.2d 660 (Tex.1951).  Factors to be considered in determining the
amount of attorney=s fees
to be awarded include: (1) the time and labor required, novelty and difficulty
of the question presented, and the skill required; (2) the likelihood that
acceptance of employment precluded other employment; (3) the fee customarily
charged for similar services; (4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or the circumstances; (6) the
nature and length of the professional relationship with the client; (7) the
expertise, reputation, and ability of the lawyer performing the services; and
(8) whether the fee is fixed or contingent. 
Arthur Andersen & Co. v. Perry Equipment Corporation, 945 S.W.2d
812, 818 (Tex.1997).  While these are
factors that may be considered, the trial court is not required to receive
evidence on each of the factors.  See
Hagedorn v. Tisdale, 73 S.W.3d 341, 353 (Tex.App. B Amarillo 2002, no pet=n).  

The
testimony regarding attorney=s fees can be summarized as follows: (1) appellee=s attorneys have been representing her for
several years in various matters involving the children, including two
paternity actions, the termination proceedings, and the conservatorship
proceedings; (2) the conservatorship proceedings arose from the termination
proceedings; (3) a great deal of work has been required in the conservatorship
proceedings; (4) in the trials of the termination proceedings and the
conservatorship proceedings, approximately $35,000 in attorney=s fees were incurred; (5) one of the attorney=s hourly rate is $125 and the other attorney=s hourly rate is $175; and (6) a reasonable
fee for the conservatorship trial would be $17,500.  The specific testimony regarding the fee of $17,500 is as
follows:  

Q:  Do you have an opinion, based on the time
that was presented in preparation for the present trial, the one that=s being tried today, and the expertise
involved in preparing for that case properly, and the B with your knowledge of the details of the
work that has been involved, do you have an opinion as to what would be a
reasonable attorney=s fee
for this particular trial in Erath County, Texas?

 

A:  For this particular trial B huh B in Erath County, Texas, I would say B huh B $17,500 would certainly be reasonable.  Huh B I=ve tried other contested cases, some not to juries,
especially involving custody, and that is well within the amount that normally
gets charged and is normal B a normal, reasonable fee.

 

Appellant has not cited
any other evidence in the record regarding attorney=s fees. 









Evidence
of attorney=s fees is typically expressed by the number
of hours worked and the hourly rate. 
See Hagedorn v. Tisdale, supra at 353. 
However, there is no rigid requirement that both of these elements must
be in evidence for such a determination to be made.  See Hagedorn v. Tisdale, supra at 353.   While there is no testimony from appellee=s attorneys regarding the number of hours
they worked on the conservatorship proceedings, there is testimony regarding
the hourly fee charged by each of her attorneys.  There is also evidence that the amount of attorney=s fees sought is customarily charged in the
locality for similar legal services.  
We find that the evidence supporting the award of attorney=s fees is factually sufficient.  Appellant=s first issue is overruled.         Appellant complains in his second issue
that the award of attorney=s fees was erroneously based upon evidence of unsegregated fees.  A party seeking the recovery of attorney=s fees carries the burden of segregating them
among various claims, parties, or actions. 
Stewart Title Guaranty Company v. Sterling, 822 S.W.2d 1, 10-11
(Tex.1991).  Appellee=s attorneys offered testimony about all of
the work they had performed for appellee over the years in connection with her
grandchildren.  However, the testimony
regarding the claim of $17,500 in attorney=s fees was specifically limited to the conservatorship action and,
therefore, complied with the duty to segregate attorney=s fees.  
Appellant=s second issue is overruled.

Appellant
argues in his third issue that the trial court erred in overruling his
application for the issuance of a bench warrant to obtain the presence of an
incarcerated witness at trial.  The
object of the application was the children=s natural mother whose parental rights had previously been
terminated.  The motion stated as
follows regarding the need for the witness=s testimony: AThe
testimony of this witness is material to this action and the ends of justice
require the attendance of said witness, in that, [witness=s name], is mother of the children the
subject of this suit.@  The trial court denied the motion without a
hearing.  In denying the motion, the
trial court made the following notation: 
AIntervenor=s motion denied.  Intervenor=s [attorney] advised to take deposition of
witness.@  








Most of
the civil cases which have addressed efforts to secure the presence of
incarcerated individuals at trial are matters wherein the incarcerated
individual is a party to the suit.  See
Pedraza v. Crossroads Security Systems, 960 S.W.2d 339 (Tex.App. B Corpus Christi 1997, no pet=n). 
These cases obviously involve greater due process concerns given the
fact that the incarcerated person is a party to the proceedings.  The trial court=s ruling in these cases is subject to an
abuse of discretion review.  See Pedraza
v. Crossroads Security Systems, supra at 342. 
Our review of the record does not indicate that the trial court abused
its discretion in denying appellant=s application.  The trial court=s notation on the order denying the motion
advised appellant of a method of securing the witness=s testimony. 
A civil litigant has a duty to obtain a witness=s testimony by alternative means in
situations wherein the witness=s appearance at trial cannot be secured.  See TEX.R.CIV.P. 252. 
Appellant=s third issue is overruled.

Appellant
argues in his fourth issue that the trial court erred in denying his
application for a psychological evaluation to be conducted on appellee.  The procedures for obtaining a  mental examination of an opposing party in a
child custody case are set out in TEX.R.CIV.P. 204.1 and 204.4.  The trial court=s ruling on the motion is subject to an abuse
of discretion standard of review.  See
In re Doe, 22 S.W.3d 601 (Tex.App. - Austin 2000, no pet=n). 
Appellee filed a response to the motion alleging that it was time-barred
under TEX.R.CIV.P. 190.3.  The trial
court considered appellant=s motion during a pretrial hearing. 
Apparently, no record of the hearing was made.  In the absence of a record from the hearing on the motion, we are
unable to find that the trial court abused its discretion in overruling
appellant=s motion. 
Appellant=s fourth issue is overruled.

The
judgment of the trial court is affirmed.

 

W. G.
ARNOT, III

CHIEF
JUSTICE

 

October 3, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.