NUMBER
13-01-751-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                       CORPUS CHRISTIBEDINBURG

 

 

FERNANDO IRIZARRY,                                                        Appellant,

 

                                                   v.

 

MICHAEL J. CLAYBORNE,                                                   Appellee.

 

        On appeal from the
343rd District Court of Bee County, Texas.

 

                                   O P I N I O N

 

          Before Chief Justice Valdez and
Justices Yañez and Castillo

                                   Opinion by
Justice Yañez

 

Appellant,
Fernando Irizarry, an inmate, appeals the dismissal of his pro se legal
malpractice suit for lack of prosecution. 
We affirm.

Facts








Irizarry filed
his original petition on April 23, 1992. 
Service of process was unsuccessful, and appellant filed a motion for
default judgment on July 27, 1993.  The
trial court never ruled on this motion. 
Appellant did not take further action until almost four years later, on
June 27, 1997, when he requested a pre-trial hearing.  The trial court did not honor the
request.  Nearly two years later, on
April 20, 1999, appellant attempted to initiate service of process again.  After another unsuccessful attempt to find
defendant, the trial court set the case for July 12, 2001.  The day before the trial, the court received
appellant=s motion for
issuance of a bench warrant, or in the alternative, a default judgment.  Neither appellant nor appellee appeared on
the day of the proceedings and the judge stated, APlaintiff had requested a bench warrant,
which I denied; 
requested default, but service has not been had in this case for
over nine years, so the case is dismissed for lack of prosecution.@

Standard of
Review

AWe review a
dismissal for want of prosecution under a clear abuse of discretion standard;  the central issue
is whether the plaintiff[] exercised reasonable diligence.@  MacGregor v. Rich,
941 S.W.2d 74, 75 (Tex. 1997) (per curiam).  AThe test for
abuse of discretion is whether the trial court acted without reference to any
guiding rules and principles or, equivalently, whether under all the
circumstances of the particular case the trial court=s action was
arbitrary or unreasonable.@  Pedraza v. Crossroads Sec. Sys., 960
S.W.2d 339, 342 (Tex. App.BCorpus Christi
1997, no pet.) (citing Koslow=s v. Mackie, 796 S.W.2d
700, 704 (Tex. 1990)). 

Analysis








By one point of
error, with sub-points, Irizarry contends the trial court abused its discretion
by dismissing his lawsuit for failure to appear without affording him any
method by which he could appear.  Yet,
the court did not dismiss for appellant=s failure to
appear.  The court dismissed the suit for
lack of prosecution.  Nevertheless, in a
sub-point, Irizarry complains of the trial court=s failure to issue a bench warrant to
afford him an opportunity to appear at hearings related to his lawsuit.  However, Aprisoners have no absolute right to appear
personally at civil proceedings.@  Pedraza, 960 S.W.2d at 342 (citing Nance
v. Nance, 904 S.W.2d 890, 893 (Tex. App.BCorpus Christi
1995, no writ)).

This Court has
decided that when determining whether an inmate should attend court
proceedings:

the trial court
must balance the interest of the State in preserving the integrity of the
correctional system with the prisoner=s interest in
access to the courts and strike a balance that is fundamentally fair.  Factors to be considered in weighing these
two interests include:  the cost and
inconvenience of transporting the prisoner, the security risk presented by the
prisoner, the substance of the matter, the need for witnessing the prisoner=s demeanor,
whether the trial is before a jury or a judge, and the possibility of delaying
trial until the prisoner is released.

 

Pedraza, 960 S.W.2d at
342 (citing Pruske v. Dempsey, 821 S.W.2d 687, 689 (Tex. App.BSan Antonio
1991, no writ)).  AGiven that a
prisoner has no right to appear in court in a civil case he has initiated, it
follows that he must justify his personal appearance.@  Id. 
Irizarry offered no such justification. 
His motion for issuance of a bench warrant contains no argument for
granting it.  Accordingly, the trial
court=s refusal to
grant appellant=s bench warrant
was not an abuse of discretion.  Id.  Appellant=s sub-point is overruled.








By another
sub-point, Irizarry contends that he exercised reasonable diligence in the
prosecution of his lawsuit.  In essence,
he contends the trial court abused its discretion in dismissing for lack of
prosecution.  In Texas, A[w]hen an
unreasonable delay in activity occurs in the prosecution of a case, it is
presumed that the action has been abandoned.@  Hosey
v. County of Victoria, 832 S.W.2d 701, 704 (Tex. App.BCorpus Christi
1992, no writ).  Factors to be considered
in determining whether a case was properly dismissed for lack of prosecution
are Athe length of
time the case was on file, the extent of activity in the case, whether a trial
setting was requested, and excuses for any delays.@  Id. (citing Bard v. Frank B. Hall
& Co., 767 S.W.2d 839, 843 (Tex. App.BSan Antonio
1989, writ denied)).  Here, ten years
have passed since the initiation of the suit, the suit lay dormant for two- and
four-year periods of time, and appellant offers no excuses for his inaction.  See MacGregor, 941
S.W.2d at 75-76 (eight-year delay). 
On these facts, we cannot conclude that the trial court acted
arbitrarily or unreasonably when it dismissed the suit for lack of
prosecution.  Id.
at 76.  Appellant=s sub-point is
overruled.

We have considered all
of Irizarry=s pertinent sub-points,
and they are all overruled. 
Consequently, his sole point of error is overruled.  The judgment of the trial court is affirmed.

 

                                                              
                                                       

LINDA REYNA YAÑEZ

Justice

 

 

Do
not publish.  Tex. R. App. P. 47.3.

 

Opinion
delivered and filed this the

5th day of December, 2002.