**In re I.V., A Minor Child.**

**No. 13–00–026–CV.**

Court of Appeals of Texas, Corpus Christi.

Nov. 29, 2001.

Abel Hinojosa, Attorney at Law, Victoria Guerra, Attorney at Law, McAllen, for Appellant.

Maria Del Socorro Wilson, Irving, for Appellee.

Before Chief Justice VALDEZ and Justices HINOJOSA and CASTILLO.

## OPINION

HINOJOSA, Justice.

This is an appeal from the trial court's order terminating the parental rights of appellant, Reynaldo Villarreal, and allowing the adoption of I.V., a minor child, by appellee, Maria del Socorro Wilson. In fifteen issues, appellant contends: (1) the evidence is legally and factually insufficient to support the trial court's judgment; (2) the trial court erred by (a) admitting a social study into evidence, (b) taking judicial notice of the court's file, (c) denying his request to attend the hearing, and (d) failing to set aside a prior termination and adoption order; (3) he received ineffective assistance of counsel; and (4) section 161.001(1)(Q) of the family code is unconstitutional. We affirm.

### A. BACKGROUND

Appellant is the biological father of I.V., a female child born on August 25, 1990. Appellee is I.V.'s maternal grandmother. Appellee has cared for I.V. since birth. On September 26, 1991, a federal court sentenced appellant to forty years imprisonment for the capital murder of a law enforcement officer during the commission of a drug-related crime. In April 1992, appellee and her husband petitioned the trial court to terminate appellant's parental rights and to allow appellee to adopt I.V. Appellee asserted, *inter alia,* that appellant had executed an irrevocable affidavit of relinquishment of his parental rights. On August 3, 1992, the trial court terminated appellant's parental rights and granted the adoption.[1]

On November 3, 1997, appellant petitioned the trial court to re-establish his

---

1. The biological mother voluntarily and irrevocably relinquished her parental rights in 1992, and is not a party to this appeal.

parental relationship with I.V., claiming that (1) he had never executed an irrevocable affidavit of relinquishment of his parental rights, and (2) he had never received notice of the outcome of the termination and adoption suit. Appellant also filed a motion requesting that he be transported from the federal penitentiary to Hidalgo County so that he could be present for any hearings regarding the custody of I.V., but the trial court denied the motion. The trial court subsequently appointed attorneys ad litem to represent appellant and I.V.

On November 16, 1998, appellant filed a petition for a bill of review, alleging he had never received notice of the 1992 termination proceedings. The trial court granted the bill of review. Appellee answered with a general denial and special exceptions, and on April 21, 1999, she filed a counterclaim for termination and adoption of I.V., alleging, *inter alia*, that appellant had knowingly engaged in criminal conduct that resulted in his imprisonment and inability to care for the child for not less than two years from the date of filing the termination petition. *See* TEX. FAM. CODE ANN. § 161.001(1)(Q) (Vernon Supp.2001). On September 30, 1999, a hearing on the suit for termination of parental rights and adoption was held. The trial court took judicial notice of all the documents in the court's file, terminated appellant's parental rights, and granted appellee's request to adopt I.V.[2] This appeal ensued.

### B. TERMINATION OF PARENTAL RIGHTS

■ In proceedings to terminate the parent-child relationship, the petitioner must establish one or more of the acts or omissions enumerated under subdivision (1) of chapter 161.001 of the family code and must also prove that termination is in

the best interest of the child. TEX. FAM. CODE ANN. § 161.001(1), (2) (Vernon Supp.2000); *Richardson v. Green,* 677 S.W.2d 497, 499 (Tex.1984). A non-exclusive list of factors that may be considered by the court in determining whether the termination is in the best interest of the child includes: (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individual seeking custody, (5) the stability of the home or proposed placement, (6) the acts or omissions of the parent which may indicate the existing parent-child relationship is not a proper one, and (7) any excuse for the acts or omissions of the parent. *Holley v. Adams,* 544 S.W.2d 367, 372 (Tex.1976).

■ The parent-child relationship is recognized and protected by law to such a degree that it is of federal constitutional dimensions. *Santosky v. Kramer,* 455 U.S. 745, 758–59, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982) (holding that the parent-child relationship is "far more precious than any property right."). The termination of parental rights is final and ends all legal ties between the parent and child, except the child's right of inheritance. TEX. FAM. CODE ANN. § 161.206(b) (Vernon 1996); *Holick v. Smith,* 685 S.W.2d 18, 20 (Tex.1985). Because termination of parental rights is such a drastic remedy and is of such weight and gravity, due process requires the petitioner to justify termination by a heightened burden of proof of "clear and convincing evidence." *See* TEX. FAM. CODE ANN. § 161.001 (Vernon 1996); *In re A.D.E.,* 880 S.W.2d 241, 245 (Tex.App.-Corpus Christi 1994, no writ); *Ybarra v. Tex. Dept. of Human Serv.,* 869 S.W.2d 574, 576 (Tex.App.-Cor-

**2.** *Appellee's husband died before the second* adoption was granted.

pus Christi 1993, no writ). "Clear and convincing evidence" is an intermediate standard, falling somewhere between the preponderance standard of ordinary civil proceedings and the reasonable doubt standard of criminal proceedings. *In re A.D.E.*, 880 S.W.2d at 245.

Texas courts of appeals are divided on whether the clear and convincing standard of proof required at trial to terminate parental rights requires a stricter standard of appellate review. *Compare In re B.R.*, 950 S.W.2d 113, 117 (Tex.App.-El Paso 1997, no pet.), *with In re J.J.*, 911 S.W.2d 437, 439–40 (Tex.App.-Texarkana 1995, writ denied). This Court, however, has not applied an elevated standard of review when examining the sufficiency of the evidence in parental termination cases. *In re A.D.E.*, 880 S.W.2d at 245; *Doria v. Tex. Dep't of Human Res.*, 747 S.W.2d 953, 959 (Tex.App.-Corpus Christi 1988, no writ).

## C. SUFFICIENCY ISSUES

In his first, second, third, fourth, fifth, sixth, eighth, ninth, and eleventh issues, appellant contends the evidence is legally and factually insufficient to support the trial court's judgment.

■■■ Generally, there are four ways to preserve a challenge to the legal sufficiency of evidence: (1) a motion for instructed verdict; (2) an objection to the submission of a jury question; (3) a motion for judgment notwithstanding the verdict; or (4) a motion for new trial. *Cecil v. Smith*, 804

S.W.2d 509, 510–11 (Tex.1991); *In re J.M.S.*, 43 S.W.3d 60, 62 (Tex.App.-Houston [1st Dist.] 2001, no pet. h.); *In the Interest of A.P.*, 42 S.W.3d 248, 254 n. 1 (Tex.App.-Waco 2001, no pet. h.). In order to present a challenge to the factual sufficiency of the evidence on appeal, it must be preserved in the trial court by pursuing a motion for new trial. TEX. R. CIV. P. 324(b)(2), (3); *Cecil*, 804 S.W.2d at 510; *J.M.S.*, 43 S.W.3d at 62; *A.P.*, 42 S.W.3d at 254 n. 1. It is apparent from the record that appellant took none of these actions to preserve his factual and legal sufficiency issues for appeal. Accordingly, we hold that appellant has waived those issues.[3] *See J.M.S.*, 43 S.W.3d at 62 (sufficiency issues must be properly preserved in a termination of parental rights case just as in any other civil case). Appellant's first, second, third, fourth, fifth, sixth, eighth, ninth, and eleventh issues are overruled.

## D. ADMISSION OF SOCIAL STUDY

In his seventh issue, appellant contends the trial court erred by admitting into evidence a social study that was used in the 1992 termination proceeding.

■■■ Appellant objected to the social study, asserting it was more than seven years old and the child's circumstances had changed. However, the attorney ad litem for I.V. had no objection to the study and told the court that she had interviewed the child and concluded the termination of appellant's parental rights and the adoption

---

3. We are aware that the Waco Court of Appeals has recently held that preservation is not necessary for appellate review of the sufficiency of the evidence of the "core issues" of a parental termination case (whether a statutory reason for termination has been shown and whether the termination is in the best interest of the child). *See In the Interest of A.P.*, 42 S.W.3d 248, 254–55 (Tex.App.-Waco 2001, no pet. h.) (citing *In the Interest of S.R.M.*, 601 S.W.2d 766, 769–770 (Tex.Civ. App.-Amarillo 1980, no writ)); *see also In the Interest of B.L.D.*, 56 S.W.3d 203, 215-216, 2001 Tex.App. LEXIS 4841, *15 (Tex.App.-Waco 2001, no pet. h.); *In the Interest of J.F.C.*, 57 S.W.3d 66, 71-72, 2001 Tex.App. LEXIS 4788, *11–*12 (Tex.App.-Waco 2001, no pet. h.); *In the Interest of A.V.*, 57 S.W.3d 51, 56-57, 2001 Tex.App. LEXIS 4769, *6-*7 (Tex.App.-Waco 2001, no pet. h.). We disagree with the holding of our sister court and decline to follow it.

of I.V. by appellee was in the best interest of the child. Appellee and her son testified later that, while appellee now suffers from some medical problems, she is capable of caring for I.V. with assistance from the son and his wife.

■ The decision whether to admit evidence rests within the discretion of the trial court. *E.I. du Pont Nemours & Co. v. Robinson,* 923 S.W.2d 549, 558 (Tex. 1995); *Ginsberg v. Fifth Court of Appeals,* 686 S.W.2d 105, 108 (Tex.1985). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). A reviewing court cannot conclude that a trial court abused its discretion simply because, in the same circumstances, it would have ruled differently, or if the trial court committed a mere error in judgment. *Robinson,* 923 S.W.2d at 558; *Loftin v. Martin,* 776 S.W.2d 145, 146 (Tex.1989). A civil judgment may not be reversed on appeal on the ground that the trial court erred in admitting evidence unless the court of appeals concludes the error probably caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1.

Here, we cannot say the trial court abused its discretion by admitting a social study that was prepared for the first termination and adoption proceeding. Appellee and her son both testified, giving the court an update of the circumstances that had changed.[4] Most importantly, the court heard evidence that appellant's circumstances had not changed. At the time of the study and at the time of the final hearing, appellant was incarcerated in a federal penitentiary on a forty-year sentence. We overrule appellant's seventh issue.

### E. JUDICIAL NOTICE OF COURT'S FILE

In his tenth issue, appellant contends the trial court erred by taking judicial notice of the court's file.

■ The record, however, reveals that appellant did not object to the court's judicial notice of the file. Therefore, he has failed to preserve error on this issue. Furthermore, even if this issue had been properly preserved, we cannot say, under the above-stated standards for appellate review, that the trial court abused its discretion in taking judicial notice of its own file. Appellant's tenth issue is overruled.

### F. TRIAL COURT'S "FAILURE TO SET ASIDE THE PRIOR DECREE"

In his fifteenth issue, appellant contends:

[the] trial court erred in failing to set aside the prior decree of 1992 ... which purportedly terminated the Appellant's parental rights and granted the adoption to Appellee and her then husband when it granted Appellant's Bill of Review. The failure of the trial court to set aside the 1992 decision renders the 1999 order ... terminating Appellant's parental rights and allowing Appellee to adopt [I.V.] null and void and the Petition for Bill of Review remains pending.

■ The final judgment in a bill of review action should either (1) deny any relief to the petitioner or (2) grant the bill of review, set aside the former judgment, and substitute a new judgment which properly adjudicates the entire controversy. *Tex. Employers' Ins. Ass'n v. Arnold,* 126 Tex. 466, 88 S.W.2d 473, 474 (1935); *Crabtree v. Crabtree,* 627 S.W.2d 486, 487 (Tex. App–Corpus Christi 1981, no writ);

---

4. I.V. was also present, but was too shy to speak.

*Smith v. Smith,* 468 S.W.2d 139, 142 (Tex. Civ.App.-Dallas 1971, no writ). Only one final judgment may be rendered in a bill of review proceeding. *Baker v. Goldsmith,* 582 S.W.2d 404, 409 (Tex.1979); *Kessler v. Kessler,* 693 S.W.2d 522, 525 (Tex.App.-Corpus Christi 1985, writ ref'd n.r.e.).

■ Appellant argues that because the trial court failed to set aside the 1992 judgment, his petition for bill of review is still pending, and the trial court's 1999 judgment is null and void. Appellant cites *Kessler* in support of this argument. Because *Kessler* dealt with a judgment that supplemented a former judgment, we conclude its holding does not apply in this case. *Kessler,* 693 S.W.2d at 527.

The record reflects that appellant's bill of review action attacked the entire 1992 judgment which terminated his parental rights and allowed appellee to adopt I.V. Because the trial court granted appellant's bill of review in this case, we conclude it implicitly set aside the entire 1992 judgment. Appellant's fifteenth issue is overruled.

## G. DENIAL OF APPELLANT'S REQUEST TO ATTEND THE HEARING

In his twelfth issue, appellant contends the trial court erred in denying his request that he be transported from the federal penitentiary to Hidalgo County so that he could attend the termination of parental rights hearing.

■ A prisoner has a constitutional right of access to the courts and may not be denied access merely because he is an inmate. *Pedraza v.. Crossroads Sec. Sys.,* 960 .S.W.2d 339, 342 (Tex.App.-Corpus Christi 1997, no pet.); *Armstrong v. Randle,* 881 S.W.2d 53, 56–58 (Tex.App.-Texarkana 1994, writ denied); *Nichols v. Martin,* 776 S.W.2d 621, 623 (Tex.App.-Tyler 1989, orig. proceeding); *see also Hudson v. Palmer,* 468 U.S. 517, 523, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). However, prisoners do not have an absolute right to leave prison to appear personally at civil proceedings. *Pedraza,* 960 S.W.2d at 342; *Nance v. Nance,* 904 S.W.2d 890, 892 (Tex. App.-Corpus Christi 1995, no writ); *Brewer v. Taylor,* 737 S.W.2d 421, 423 (Tex.Civ. App.-Dallas 1987, no writ).

■ In determining whether an inmate should attend court proceedings, a trial court must balance the interest of the state in preserving the integrity of the correctional system with the prisoner's interest of access to the courts. *Pedraza,* 960 S.W.2d at 342; *Nance,* 904 S.W.2d at 892. Factors to be considered in weighing these two interests include: (1) the cost and inconvenience of transporting the prisoner, (2) the security risk presented by the prisoner, (3) the substance of the matter, (4) the need for witnessing the prisoner's demeanor, (5) whether the trial is before the jury or judge, and (6) the possibility of delaying trial until the prisoner is released. *Pedraza,* 960 S.W.2d at 342; *Pruske v.. Dempsey,* 821 S.W.2d 687, 689 (Tex.App.-San Antonio 1991, no writ) (citing *Stone v. Morris,* 546 F.2d 730, 735–36 (7th Cir. 1976)).

■ Additional factors include whether an inmate is represented by counsel or is *pro se,* and whether an inmate is a civil defendant rather than a plaintiff. *See Armstrong,* 881 S.W.2d at 57; *Pruske,* 821 S.W.2d at 689; *Nichols,* 776 S.W.2d at 623. In reviewing cases finding "error in the denial of an inmate's right to personally appear," the *Armstrong* court found that "the ruling was not based solely on the fact that the inmate was a [civil] defendant, but was based on additional reasons, *viz.,* the inmate had no lawyer, was proceeding *pro se,* or was denied the right to communicate with his lawyer, all of which effectively

barred his access to the courts." *Armstrong*, 881 S.W.2d at 57–58. Courts have also held that a convict does not have the constitutional right to personally appear in a civil suit where he has been permitted to appear through counsel. *In re S.K.S.*, 648 S.W.2d 402, 405 (Tex.App.-San Antonio 1983, no writ); *Najar v. Oman*, 624 S.W.2d 385, 387 (Tex.App.-Austin 1981, writ ref'd n.r.e.).

■ Whether these factors balance in favor of allowing the inmate to attend his civil trial or testify therein is left to the sound discretion of the trial court. *Byrd*, 877 S.W.2d at 569; *Brewer*, 737 S.W.2d at 423–24. Only when an inmate has been effectively barred from presenting his case or being heard at all does the trial court abuse its discretion in denying his request to personally appear at trial. *Armstrong*, 881 S.W.2d at 56–58; *Byrd*, 877 S.W.2d at 569; *Nichols*, 776 S.W.2d at 623. However, the trial court also abuses its discretion by failing to act on an inmate's legitimate request to be present at his civil trial. *Byrd*, 877 S.W.2d at 569.

■ In this case, appellant was represented by counsel. Appellant was granted a hearing to determine whether he should be present at the termination hearing. The court found that it would be a serious danger to transport appellant to the proceedings, but it allowed him to present evidence in writing. Appellant's counsel cross-examined appellee's witnesses and was given the opportunity to present evidence on appellant's behalf.

We hold the trial court did not abuse its discretion in denying appellant's request that he be transported from the federal penitentiary to Hidalgo County so that he could attend the termination hearing. Appellant's twelfth issue is overruled.

## H. APPLICATION OF SECTION 161.001(1)(Q)

■ In his fourteenth issue, appellant complains the trial court erred by applying Texas Family Code section 161.001(1)(Q) in this case. He contends this is an unconstitutional retroactive application of a law in violation of article I section 16 of the Texas Constitution, which provides that "no ... retroactive law shall be made." [5] Because appellant did not raise this complaint in the trial court, we hold it is not preserved for our review. See TEX. R. APP. P. 33.1(a).

Even if appellant had preserved this issue, we conclude it would fail. Appellant argues that the underlying termination and adoption suit was filed in 1992, before the September 1, 1997 effective date of Section 161.001(1)(Q). However, as we discussed above, the 1992 judgment was set aside when the trial court granted appellant's bill of review; appellee's counterclaim was filed in 1999, well after the September 1, 1997 effective date of section 161.001(1)(Q).

■ In the alternative, appellant argues that because he had not been in prison for two years after appellee filed her 1999 counterclaim for termination, at the time the termination was granted on September 20, 1999, the prerequisites of section 161.001(1)(Q) were not met. We disagree with appellant's interpretation of the statute.

Section 161.001(1)(Q), in effect at the time of trial, provides that the trial court may order termination of the parent-child relationship if the court finds by clear and

---

**5.** Although the counterclaim filed by appellees listed several provisions under which termination was predicated, at trial appellee proceeded only under section 161.001(1)(Q). *See* TEX. FAM. CODE ANN. § 161.001(1)(Q)(Vernon Supp.2001).

convincing evidence that the parent has "knowingly engaged in criminal conduct that results in the parent's imprisonment and inability to care for the child for not less than two years from the date of filing the petition." Act of May 19, 1997, 75th Leg., R.S., ch. 575, § 9, 1997 Tex. Gen. Laws 2015, current version at TEX. FAM. CODE ANN. § 161.001(1)(Q)(Vernon Supp.2001).[6] We interpret this provision to mean that a person's parental rights may be terminated if the person knowingly engages in criminal conduct that results in his imprisonment and he is unable to care for the child for at least two years from the date the termination petition is filed. Here, the petition was filed on April 8, 1999. Therefore, appellee was required to prove that appellant would be incarcerated until at least April 8, 2001. The evidence in the record shows that: (1) a federal court sentenced appellant to forty years imprisonment for the capital murder of a law-enforcement officer; (2) appellant commenced serving his sentence on September 26, 1991; and (3) there is no parole in the federal criminal justice system. Obviously, appellant would still be incarcerated on April 8, 2001.

Appellant also argues that section 161.001(1)(Q) is unconstitutional because it allows a person's parental rights to be terminated solely because he is incarcerated. We disagree. The statute requires a showing of the person's incarceration *and his inability to care for the child.* *See* TEX. FAM. CODE ANN. § 161.001(1)(Q)(Vernon Supp.2001).

Appellant cites three cases in support of his argument that "imprisonment standing alone does not constitute any of the grounds upon which termination of parental rights can be based." *In the Interest of* *M.D.S.,* 1 S.W.3d 190, 199 (Tex.App.-Amarillo 1999, no pet.), and *In the Interest of J.J.,* 911 S.W.2d 437, 440 (Tex.App.-Texarkana 1995, writ denied), both state that imprisonment alone does not constitute "engaging in conduct which endangers the emotional or physical well being of the child" under section 161.001(1)(D), but that imprisonment may be considered as a factor. *See* TEX. FAM. CODE ANN. § 161.001(1)(D) (Vernon Supp.2001). *In the Interest of B.T.,* 954 S.W.2d 44, 49 (Tex.App.-San Antonio 1997, writ denied), holds that mere imprisonment does not constitute intentional abandonment of the child as a matter of law under section 161.001(1)(C). *See* TEX. FAM. CODE ANN. § 161.001(1)(C) (Vernon Supp.2001).

We agree with appellant's argument that section 161.001(1)(Q) does not abrogate the longstanding rule that termination of parental rights cannot be based on imprisonment alone. However, section 161.001(1)(Q) permits termination upon a showing of long-term incarceration and *inability to care for the child.*

In the instant case, the record contains evidence (1) that appellant was serving a federal sentence of forty years imprisonment which commenced on September 26, 1991, and (2) that appellant was unable to care for I.V. Therefore, even if this issue had been properly preserved for our review, we would overrule it. Appellant's fourteenth issue is overruled.

## I. INEFFECTIVE ASSISTANCE OF COUNSEL

In his thirteenth issue, appellant contends he was denied effective assistance of counsel.

---

**6.** Because the 1991 amendments to section 161.001(1)(Q) were very minor and do not affect the outcome of this appeal, we refer to the former statute applicable to this case as "section 161.001(1)(Q)" rather than citing to its cumbersome and impractical formal cite.

Section 107.013(a) of the Texas Family Code requires a trial court to appoint an attorney ad litem to represent the interests of an indigent parent who responds in opposition to a suit seeking termination of his or her parent-child relationship. TEX. FAM. CODE ANN. § 107.013(a) (Vernon Supp.2001). *See e.g. In re T.R.R.*, 986 S.W.2d 31, 37 (Tex.App.-Corpus Christi 1998, no pet.); *Ybarra v. Tex. Dept. of Human Svcs.*, 869 S.W.2d 574, 580 (Tex. App.-Corpus Christi 1993, no writ). The majority of the Texas courts of appeal, however, have held that the constitutional right to effective assistance of counsel in criminal actions does not extend to a civil proceeding for termination of parental rights. *In re B.B.*, 971 S.W.2d 160, 172 (Tex.App.-Beaumont 1998, pet. denied); *Arteaga v. Tex. Dep't of Protective and Regulatory Servs.*, 924 S.W.2d 756, 762 (Tex.App.-Austin 1996, writ denied); *In re J.F.*, 888 S.W.2d 140, 143 (Tex.App.-Tyler 1994, no writ); *Posner v. Dallas County Child Welfare Unit*, 784 S.W.2d 585, 588 (Tex.App.-Eastland 1990, writ denied); *Howell v. Dallas County Child Welfare Unit*, 710 S.W.2d 729, 734–35 (Tex.App.-Dallas 1986, writ ref'd n.r.e.).

However, we note that the Houston First and Waco courts of appeal have recently held that a parent is entitled to receive effective assistance of counsel in a termination proceeding. *See B.L.D.*, 56 S.W.3d 203, 209-211, 2001 Tex.App. LEXIS 4841 at *14-*20; *J.M.S.*, 43 S.W.3d at 62–63. These two courts have applied the two-prong test for criminal cases set forth in *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): the appellant must show that (1) his counsel's performance was deficient to the level that counsel made error so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment; and (2) the deficient performance prejudiced the defense. *See*

*J.M.S.*, 43 S.W.3d at 63–64 (citing *Strickland*, 466 U.S. at 686-87, 104 S.Ct. 2052).

 Without deciding the issue of whether a parent is entitled to receive effective assistance of counsel at a termination hearing, we hold that, even if appellant was entitled to receive effective assistance of counsel, he has failed to meet his burden under the *Strickland* test. Appellant complains that his trial counsel was ineffective because of "failure to preserve error in the area of constitutional issues discussed below, in his failure to request a bench warrant for the Appellant or his failure to pursue a Writ of Habeas Corpus ad Testificandum, his failure to request a current social study, his failure to object to hearsay when the social study was introduced into evidence, etc." We have held above that there was no error in the trial court's admission of the social study in question or in its decision not to allow appellant to attend the hearing. We have also dismissed the constitutional arguments raised by appellant concerning section 161.001(1)(Q).

Appellant's complaint regarding his trial counsel's "failure to pursue a Writ of Habeas Corpus ad Testificandum" is not supported by the record. Presumably, appellant complains that his counsel did not obtain appellant's written testimony. However, on the record before us, we cannot ascertain whether this was done or not, and if it was done, why counsel did not proffer such evidence at the hearing. Appellant has, therefore, failed to meet his burden of showing that counsel made an unprofessional error in this regard, and that the error, if any, prejudiced his case.

Although not specifically urged by appellant, the only error made by trial counsel that is ascertainable from the record before us was counsel's failure to preserve the issues of legal and factual sufficiency.

However, had these issues been preserved, we would hold that the evidence is both legally and factually sufficient to support the termination of appellant's parental rights. The record contains clear and convincing evidence that (1) appellant had knowingly engaged in criminal conduct that resulted in his imprisonment and of his inability to care for I.V. for not less than two years from the date that appellee filed her counterclaim, and (2) the termination and adoption was in the best interest of I.V. Therefore, appellant has failed to show how he was prejudiced by this error. Appellant's thirteenth issue is overruled.

The judgment of the trial court is affirmed.