**In the Interest of D.S., A Child.**

**No. 13–01–110–CV.**

Court of Appeals of Texas,
Corpus Christi.

July 3, 2002.

---

1. W.B. sent three letters to his child, which is the only contact he has had with the child during his incarceration.

Caroline L. Bertuzzi, Corpus Christi, for appellant.

Armando Cavada, Nueces County Attorney's Office, Corpus Christi, for appellee.

Cathy Pope Clark, Assistant Attorney General, Minerva P. Arriaga, Corpus Christi, for interested parties.

Before Chief Justice VALDEZ and Justices HINOJOSA and RODRIGUEZ.

## OPINION

Opinion by Justice RODRIGUEZ.

Appellant, the biological mother of D.S., a minor child, brings this appeal following the trial court's order terminating her parental rights to D.S.[1] By eight issues, appellant generally contends the trial court erred in denying her request for a bench warrant, denying her request for a jury instruction, and denying her motion to dismiss the case. Appellant also contends the evidence is not factually sufficient to support the jury's findings. We reverse and remand.

## I. BACKGROUND

Appellant was convicted of possession of cocaine and sentenced to five years probation. Approximately four months after the conviction, D.S. was born. In April of 1995, the Texas Department of Protective and Regulatory Services (the Department) began an investigation of appellant's home. The investigation revealed that appellant and her husband were neglecting D.S. The investigation also revealed that D.S. was living in very substandard conditions. D.S. was voluntarily placed in the care of appellant's mother.

On October 2, 1995, appellant's probation was revoked for failing to pay probation fees and not reporting to her probation officer. Appellant was sent to prison. Upon her release in 1997, appellant regained possession of D.S. However, approximately one year later, appellant's

---

1. Appellant and the father of D.S. had their parental rights terminated in the same proceeding. The father, however, is not a party to this appeal.

probation was again revoked. Upon her release from a parole violator's facility, the Department informed appellant that she would have to satisfy the requirements of a safety plan in order to retain custody of D.S. In March of 1999, the Department removed D.S. from appellant's care, based on allegations that appellant engaged in prostitution. Following an adversary hearing, D.S. was returned to appellant's care, however, both appellant and the Department were named as joint managing conservators of D.S. In August of 1999, appellant was arrested for a parole violation and sent to prison. D.S. was placed in foster care. The Department was appointed temporary sole managing conservator of D.S. On September 5, 2000, a jury rendered a verdict terminating appellant's parental rights. This appeal ensued.

## II. ANALYSIS

### A. Bench Warrant

By her first issue, appellant contends the trial court erred by denying her request for a bench warrant. A litigant may not be denied access to the courts simply because she is an inmate. *See Hudson v. Palmer,* 468 U.S. 517, 523, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *In re I.V.,* 61 S.W.3d 789, 796 (Tex.App.-Corpus Christi 2001, no pet.). However, the right of access is not an absolute one; it is only a qualified right. *In re Z.L.T.,* 2002 Tex. App. LEXIS 2666, *3, 82 S.W.3d 100, 102 (San Antonio 2002, no pet. h.); *In re B.R.G.,* 48 S.W.3d 812, 819 (Tex.App.-El Paso 2001, no pet.); *Pedraza v. Crossroads Sec. Sys.,* 960 S.W.2d 339, 342 (Tex.App.-Corpus Christi 1997, no pet.).

In determining whether an inmate should personally attend court proceedings, the trial court *must* balance the interest of the State in preserving the integrity of the correctional system with the inmate's interest in access to the courts, with a goal of achieving a balance that is fundamentally fair. *Aguilar v. Alvarado,* 39 S.W.3d 244, 248 (Tex.App.-Waco 1999, pet. denied) (emphasis added); *Dodd v. Dodd,* 17 S.W.3d 714, 717 (Tex. App.-Houston [1st Dist.] 2000, no pet.); *Pedraza,* 960 S.W.2d at 342. Factors to be considered in weighing these two interests include, but are not limited to: (1) the cost and inconvenience of transporting the inmate; (2) the security risk presented by the inmate; (3) the substance of the matter; (4) the need for witnessing the inmate's demeanor; (5) whether the trial is before the jury or judge; and (6) the possibility of delaying trial until the inmate is released. *In re I.V.,* 61 S.W.3d at 796; *Pedraza,* 960 S.W.2d at 342; *see Brewer v. Taylor,* 737 S.W.2d 421, 423 (Tex.App.-Dallas 1987, no writ). We review the trial court's determination under an abuse of discretion standard. *In re I.V.,* 61 S.W.3d at 797; *Aguilar,* 39 S.W.3d at 248.

Appellant argues the trial court failed to balance the interests of the State with her interest before it summarily denied her request for a bench warrant. By not applying any factors to help balance the interests, appellant argues, the trial court abused its discretion. We agree with appellant that the trial court should have at least entertained the relevant factors before denying her bench warrant. *See Zuniga v. Zuniga,* 13 S.W.3d 798, 802 (Tex.App.-San Antonio 1999, no pet.) (trial courts need to articulate factors that weigh both in favor and against issuing a bench warrant); *see also Nance v. Nance,* 904 S.W.2d 890, 892 (Tex.App.-Corpus Christi 1995, no writ) (trial court must balance the government's interest against the prisoner's right of access to courts by considering the various factors).

During the hearing on appellant's request for a bench warrant, the trial court stated, in pertinent part,

> [S]o I would have to make some type of assessment.... [T]his isn't really one that I want—that deserves it, so to speak ... is yours one that deserves it? I don't want to start drawing those distinctions, and so I haven't granted any [bench warrants] yet, and yours would be the first.

The trial court erred by not considering any factors in balancing the State's interest and appellant's interest. *See, e.g., Brewer*, 737 S.W.2d at 423 (citing *Stone v. Morris*, 546 F.2d 730, 735 (7th Cir.1976)) (the trial court *must* weigh the interest of the plaintiff in presenting his testimony in person against the interest of the State in maintaining the confinement of the prisoner). By summarily denying every bench warrant for no other reason than not wanting to make "some type of assessment" the trial court is failing to act on an inmate's legitimate request to be present. *See I.V.*, 61 S.W.3d at 797; *Byrd v. Attorney Gen.*, 877 S.W.2d 566, 569 (Tex.App.-Beaumont 1994, no writ).

■ The State argues that even though the judge did not address any relevant factors when it denied appellant's bench warrant, there was no abuse of discretion because appellant was able to participate in the proceeding by telephone. This argument would be valid if the trial court had first weighed the relevant factors. *See In re Taylor*, 39 S.W.3d 406, 412 (Tex. App.-Waco 2001) (orig.proceeding). Because appellant's right to be present is a qualified right, *see In re B.R.G.*, 48 S.W.3d at 819, the trial court must weigh the relevant factors and have a reason for denying a bench warrant before it decides to only allow appellant to participate by telephone. *See id.* at 820 ("If, *after considering these factors*, the trial court determines that the prisoner is not entitled to appear personally, then the trial court should permit him to proceed by affidavit, deposition, telephone, or other effective means.") (emphasis added); *see also Nichols v. Martin*, 776 S.W.2d 621, 623 (Tex. App.-Tyler 1989, no writ) (concluding trial court must make pertinent inquiries regarding appellant's request to appear); *cf. Nance*, 904 S.W.2d at 892 (the order reflects various findings demonstrating that the trial court did not arbitrarily refuse to issue the requested bench warrant). In this instance, the trial court's decision not to weigh any relevant factors was arbitrary and unreasonable. *See Nance*, 904 S.W.2d at 892.

Our review of the record reveals that if the trial court had considered the relevant factors in determining whether the bench warrant should be issued, it is likely it would have allowed appellant to be present at trial. For example, appellant did not seem to be a huge security risk; the parent-child relationship is a fundamental liberty interest, *see Santosky v. Kramer*, 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982); and the trial would only have been delayed for a short time, as appellant was scheduled for release only fifteen days after the date the trial began. *See Pedraza*, 960 S.W.2d at 342.

Thus, because the trial court did not weigh any relevant factors before it summarily denied appellant's request to personally attend the hearing, *see, e.g., In re B.R.G.*, 48 S.W.3d at 820; *Pedraza*, 960 S.W.2d at 342; *Nance*, 904 S.W.2d at 892; *Byrd*, 877 S.W.2d at 569, we find the trial court abused its discretion. *See In re I.V.*, 61 S.W.3d at 797; *Nance*, 904 S.W.2d at 892.

■ In addition, judgments terminating the parent-child relationship must be carefully scrutinized because of the importance of that relationship. *In re K.R.*, 63 S.W.3d

796, 800 (Tex.2001). Having a parent not present at her own trial to terminate her parental rights could leave the jury with an impression that the proceeding is not important to the parent. Furthermore, because of obvious negative connotations associated with a parent who is incarcerated, it is important for the jury to witness the demeanor and credibility of the parent to get a sense of the parent's conviction to care for the child. For these reasons, we conclude the outcome of the trial was probably improper. *See* TEX.R.APP. P. 44.1; *Taylor v. Taylor*, 63 S.W.3d 93, 98 (Tex. App.-Waco 2001, no pet.). Appellant's first issue is sustained.[2]

Accordingly, we reverse the trial court and remand for a new trial on the merits.

---

**2.** Because of our disposition of appellant's first issue, we need not address her remaining issues. *See* TEX.R.APP. P. 47.1.