No. 04-02-00144-CV



IN THE INTEREST OF K.M.K, a Child



From the 216th Judicial District Court, Kerr County, Texas


Trial Court No. 01-72-A


Honorable Dick Alcala, Judge Presiding



Opinion by: Alma L. López, Justice


Sitting: Alma L. López, Justice

 Catherine Stone, Justice

 Karen Angelini, Justice


Delivered and Filed: December 11, 2002


AFFIRMED

 Appellant, Kenneth F. Kelch ("Kelch"), appeals the trial court's order terminating his
parental rights to K.M.K. Kelch presents five issues on appeal, asserting: (1) Kelch was denied a
fair and impartial tribunal; (2) Kelch was deprived of competent, effective appointed counsel; (3)
the ad litem who represented K.M.K. failed to act impartially; (4) the trial court erred in admitting
and excluding certain evidence and in denying Kelch's motion for a continuance; and (5) the
evidence is insufficient to support the jury's verdict. We affirm the trial court's order.


Judicial Recusal and Bias


 In his first issue, Kelch contends that Judge Alcala erred in denying Kelch's motion to recuse.
Kelch further contends that Judge Jordan and Judge Alcala were biased.

 The denial of a motion to recuse is reviewed under an abuse of discretion standard on appeal.
See Tex. R. Civ. P. 18a(f). On April 25, 2001, Kelch moved to recuse Judge V. Murray Jordan. As
a result of the motion, Judge James Simmonds was appointed to preside over the underlying lawsuit.
On June 7, 2001, Kelch moved to recuse Judge Simmonds. As a result, Judge Dick Alcala was
appointed to preside over the underlying lawsuit. On January 2, 2002, Kelch filed a motion to recuse
Judge Alcala. Section 30.016 of the Texas Civil Practice and Remedies Code permits a judge to
decline recusal after a tertiary or third recusal motion is filed and to move the case to final
disposition as though such a motion had not been filed. Tex. Civ. Prac. & Rem. Code Ann. §
30.016 (Vernon Supp. 2002). Accordingly, Judge Alcala did not abuse his discretion in denying
Kelch's tertiary motion to recuse.

 Kelch further contends that Judge Jordan and Judge Alcala were biased against him. Kelch
cites various rulings made by the trial court as evidencing the trial judges' bias. Judicial rulings
alone almost never constitute a valid basis for a bias or partiality motion, and opinions the judge
forms during a trial do not necessitate recusal unless they display a deep-seated favoritism or
antagonism that would make fair judgment impossible. Dow Chem. Co. v. Francis, 46 S.W.3d 237,
240 (Tex. 2001); In re M.C.M., 57 S.W.3d 27, 33 (Tex. App.--Houston [1st Dist.] 2001, pet.
denied). A party's remedy for unfair rulings is to assign error regarding the adverse rulings. See In
re M.C.M., 57 S.W.3d at 33. Having reviewed the record, we conclude that neither Judge Jordan
nor Judge Alcala demonstrated a bias that would support recusal.

 Kelch's first issue is overruled.

Right to Counsel


 In his second issue, Kelch contends that he was deprived of his right to competent, effective
counsel. Section 107.013(a) of the Texas Family Code requires a trial court to appoint an attorney
ad litem to represent the interests of an indigent parent who responds in opposition to a suit seeking
termination of his or her parent-child relationship. Tex. Fam. Code Ann. § 107.013(a) (Vernon
2002). The intermediate courts of appeals are split on whether the constitutional right to effective
assistance of counsel in criminal actions extends to a civil proceeding for termination of parental
rights. In re I.V., 61 S.W.3d 789, 799 (Tex. App.--Corpus Christi 2001, no pet.) (noting split).
Those courts finding that a parent is entitled to effective assistance of counsel have applied the two-prong test for criminal cases set forth in Strickland v. Washington, 466 U.S. 668, 686 (1984),
requiring the appellant to show that (1) his counsel's performance was deficient to the level that
counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed to the
defendant by the Sixth Amendment; and (2) the deficient performance prejudiced the defense. In
re I.V., 61 S.W.3d at 799. 

 Assuming without deciding that Kelch was entitled to effective assistance of counsel, the
record does not support Kelch's claim of ineffective assistance. Instead, the record implicates a
different rule applicable to appointed counsel in criminal cases which provides that a trial court is
under no duty to search until it finds an attorney agreeable to the accused. Malcom v. State, 628
S.W.2d 790, 791 (Tex. Crim. App. 1982); Garner v. State, 864 S.W.2d 92, 98 (Tex. App.--Houston
[1st Dist.] 1993, pet. ref'd). Based on motions filed by Kelch, the trial court appointed three
different attorneys to represent Kelch's interests. When the trial court denied the motion by Kelch
to remove his third attorney, Kelch elected to proceed pro se. See In re T.V., 8 S.W.3d 448, 450
(Tex. App.--Waco 1999, no pet.) (noting parent may waive right to appointed counsel if knowing
and intelligent waiver of right appears on the record). The record does not demonstrate that the third
attorney appointed to represent Kelch was ineffective, and the trial court was not required to locate
an attorney agreeable to Kelch.

 Kelch's second issue is overruled.

Attorneys Ad Litem


 In his third issue, Kelch contends that the attorneys at litem appointed to represent K.M.K.
did not represent K.M.K.'s interests impartially. Section 107.014(a) of the Texas Family Code
requires an attorney ad litem appointed to represent a child to: (1) investigate the facts of the case;
(2) obtain and review copies of relevant medical, psychological, and school records; and (3) become
familiar with the American Bar Association's standards of practice for lawyers who represent
children in abuse and neglect cases. Tex. Fam. Code Ann. §107.014(a) (Vernon 2002). Section
107.014(a) also permits an attorney ad litem for the child to call, examine, or cross-examine
witnesses. Id. The record demonstrates that the attorneys at litem appointed to represent K.M.K.
fulfilled these responsibilities. Furthermore, section 107.014(b) requires an attorney ad litem
appointed to represent a child to interview the child, individuals with significant knowledge of the
child's history and condition, and all parties to the suit. Tex. Fam. Code Ann. §107.014(b) (Vernon
2002). The record demonstrates that the attorneys ad litem appointed to represent K.M.K. also
fulfilled this responsibility. Kelch's contention that the attorneys at litem failed to represent
K.M.K.'s interests impartially is not supported by the record.

 Kelch's third issue is overruled.

Miscellaneous Trial Rulings


 A. Judge Jordan's Pre-Trial Rulings

 In his first sub-issue, Kelch contends that Judge Jordan's pre-trial rulings commented on the
weight of the evidence and ultimate issues, depriving Kelch of his right to trial by jury. It appears
from Kelch's brief that he is challenging the trial court's determination that K.M.K.'s counselor was
qualified to render opinions. Kelch did not pursue a Robinson hearing to challenge the counselor's
qualifications, and Kelch was permitted to introduce evidence in an effort to impeach the counselor's
qualifications. Accordingly, Kelch was not deprived of his right to raise the issue regarding the
counselor's qualifications before the jury. 

 B. Hearsay

 Kelch contends that the trial court erred in allowing portions of a report prepared by
K.M.K.'s counselor into evidence that contained statements K.M.K. made to the counselor. Even
assuming that the trial court erred in admitting the portions of the report, erroneous rulings on the
admissibility of evidence ordinarily do not result in reversible error where the evidence in question
is not controlling on a material issue dispositive of the case. Gee v. Liberty Mut. Fire Ins. Co., 765
S.W.2d 394, 396 (Tex. 1989). Kelch fails to demonstrate how the entire case turned on the portions
of the report that were admitted; therefore, Kelch has failed to show that any error in admitting the
portions of the report constituted reversible error.

 C. Expert Witnesses

 The trial court denied additional psychological evaluations of K.M.K. based on the best
interest of the child. During the course of the underlying lawsuit, K.M.K. was evaluated by three
separate experts. Kelch has not demonstrated how the trial court's ruling was an abuse of the trial
court's discretion given the history of the proceedings.

 D. Continuance

 The decision to grant or deny a motion for continuance is within the trial court's sound
discretion, and the trial court's denial of a continuance will not be disturbed unless the record
discloses a clear abuse of discretion. State v. Wood Oil Distrib. Inc., 751 S.W.2d 863, 865 (Tex.
1988). In this case, the January 28, 2002, trial date was set at a pre-trial hearing held on September
5, 2001. The only ground Kelch asserted for requesting the continuance on his own behalf was the
desire to fire his attorney. As previously stated, Kelch was seeking to fire the third attorney
appointed by the trial court to represent him. The trial court did not abuse its discretion in
concluding that there was not sufficient cause to grant the continuance. See Tex. R. Civ. P. 251.

 E. Conduct of Trial - Examination of Witnesses and Introduction of Evidence

 The discretion vested in the trial court over the conduct of a trial is great. Dow Chem. Co.,
46 S.W.3d at 240. A trial court may properly intervene to maintain control in the courtroom, to
expedite the trial, and to prevent what it considers to be a waste of time. Id. at 241. In addition, the
admission and exclusion of evidence is committed to the trial court's sound discretion and is
reviewed under an abuse of discretion standard. City of Brownsville v. Alvarado, 897 S.W.2d 750,
753 (Tex. 1995). Having reviewed the entire record, we conclude that the trial court acted within
its discretion in limiting the examination of witnesses, limiting the scope of the witnesses' answers
to those that were responsive to the questions asked, and in admitting and excluding evidence.


Sufficiency of the Evidence


 Involuntary termination proceedings must be strictly scrutinized. Holick v. Smith, 685
S.W.2d 18, 20 (Tex. 1985). A parent's parental rights can only be terminated by a showing of clear
and convincing evidence. See Tex. Fam. Code Ann. §101.007 (Vernon 2002). In deciding a legal
sufficiency issue, we consider only the evidence tending to support the finding and disregard all
evidence to the contrary. In re M.A.N.M., 75 S.W.3d 73, 77 (Tex. App.--San Antonio 2002, no
pet.). If more than a scintilla of evidence supports the finding, the appealing parent cannot prevail
on a legal sufficiency point. Id. We apply an intermediate standard of clear and convincing evidence
when an appellant challenges the factual sufficiency of the evidence. See In re B.T., 954 S.W.2d 44,
46 (Tex. App.--San Antonio 1997, writ denied); In re H.C., 942 S.W.2d 661, 663 (Tex. App.--San
Antonio 1997, no writ). Under this standard, we ask whether sufficient evidence was presented to
produce in the mind of a rational fact finder a firm belief or conviction that grounds exist for
termination. In re C.H., No. 00-0552, 2001 WL 1903109, at *8 (Tex. July 3, 2002).

 The court may order the termination of a parent-child relationship upon proof that: (1) the
parent has committed one of the acts listed in section 161.001(1) of the Texas Family Code; and (2)
termination is in the best interest of the child. See Tex. Fam. Code Ann. §161.001 (Vernon 2002).
In this case, the jury was instructed that it was required to find that one of the following events
occurred: (1) Kelch knowingly placed or knowingly allowed the child to remain in conditions or
surroundings that endanger the physical or emotional well-being of the child; (2) Kelch engaged in
conduct or knowingly placed the child with persons who engaged in conduct that endangers the
physical and emotional well-being of the child; (3) Kelch has been convicted for being criminally
responsible for the serious injury of a child which constituted a violation of Sections 22.011 and
22.021 of the Texas Penal Code, to wit: Sexual Assault and Aggravated Sexual Assault; or (4) Kelch
knowingly engaged in criminal conduct that has resulted in his conviction of an offense and
confinement or imprisonment and inability to care for the child for not less than two years from the
date of filing the petition. Court documents were introduced into evidence together with testimony
that established that Kelch had been convicted by a jury of two counts of aggravated sexual assault
of a child and one count of sexual assault of a child. The child was Kelch's step-daughter. Kelch
was sentenced to ninety-nine years' imprisonment, and his sentence commenced March 17, 1997.
This evidence is sufficient to support the jury's finding that Kelch engaged in one of the events listed
in the jury charge which would support termination under section 161.001(1).

 Termination must also be in the best interest of the child. See Tex. Fam. Code Ann.
§161.001(2) (Vernon 2002). There is a strong presumption that the best interest of the child is
served by keeping custody in the natural parent. See In re D.M., 58 S.W.3d 801, 814 (Tex.
App.--Fort Worth 2001, no pet.). The factors which a court should consider when determining the
best interest of the child include: (1) the desires of the child; (2) the emotional and physical needs
of the child now and in the future; (3) the parental ability of the individuals seeking custody; (4) the
programs available to assist these individuals to promote the best interest of the child; (5) the plans
for the child by these individuals or by the agency seeking custody; (6) the stability of the home or
proposed placement; (7) the acts or omissions of the parents which may indicate that the existing
parent-child relationship is not a proper one; and (8) any excuse for the acts or omissions of the
parent. See Holley v. Adams, 544 S.W.2d 367, 371-72 (Tex. 1976).

 The evidence showed that K.M.K. wanted Kelch's parental rights terminated and even
wanted to change his name. Because Kelch is serving a ninety-nine year prison sentence for a crime
he committed against his step-daughter while K.M.K. was in his custody, Kelch is unable to provide
for the emotional and physical needs of K.M.K., and has no present ability to parent K.M.K.
Evidence was admitted to show that K.M.K. was likely aware of the sexual assault against his sister
while both were in Kelch's custody. K.M.K.'s mother sought counseling for K.M.K., and the
support provided by K.M.K.'s mother and step-father improved K.M.K.'s behavior to such a level
that K.M.K. no longer requires counseling and has drastically improved his grades in school.
Although K.M.K.'s mother was placed on deferred adjudication for endangering her daughter by
leaving her in Kelch's care, K.M.K.'s mother took parenting classes and sought counseling to
improve her parenting skills. K.M.K.'s step-father seeks to adopt K.M.K., and K.M.K. will be
provided a stable home environment. Kelch's conviction and K.M.K.'s behavioral outbursts after
seeing Kelch are evidence that the existing parent-child relationship is not a proper one. Kelch does
not offer any excuse for the actions leading to his conviction but continues to maintain his innocence.
The evidence is legally and factually sufficient to support the jury's finding that the termination of
Kelch's parental rights was in the best interest of K.M.K.

 Kelch's fifth issue is overruled.

Conclusion


 The trial court's judgment is affirmed.


 Alma L. López, Justice


DO NOT PUBLISH