NUMBER 13-02-341-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

IN THE INTEREST OF C.H.W., A MINOR CHILD
___________________________________________________________________

On appeal from the County Court at Law
of Kleberg County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Justices Rodriguez, Castillo, and Wittig



Opinion by Justice Rodriguez

         This is an appeal from an order terminating the parent-child relationship between
C.H.W., a minor child, and appellant, C.H.W.'s father. Appellant is an inmate in the
Institutional Division of the Texas Department of Criminal Justice. Appellees are the
paternal grandparents and sole managing conservators of the child. By two issues.
appellant complains that the trial court erred in: (1) finding by clear and convincing
evidence that the termination was in the best interest of the child; and (2) denying
appellant's application for a bench warrant to attend the termination hearing. We
affirm.
 
I. Facts
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
II. Sufficiency of the Evidence
         By his first issue, appellant contends the trial court erred in terminating his
parental rights. He challenges the sufficiency of the evidence to support the trial
court's findings and judgment.
         A court may order involuntary termination only if the court finds that: (1) a
parent has committed a predicate act or omission harmful to the child, and (2)
termination is in the best interest of the child. Tex. Fam. Code Ann. § 161.001
(Vernon 2002). "The court must ensure that these findings are made by clear and
convincing evidence; a standard of proof specifically intended, in view of the
constitutional interests at stake, to reduce the risk of erroneous terminations." In the
Interest of B.L.D. and B.R.D., 113 S.W.3d 340, 353-54 (Tex. 2003) (citing Tex. Fam.
Code Ann. § 161.001) and see Santosky v. Kramer, 455 U.S. 745, 764-65 (1982);
In re G.M., 596 S.W.2d 846, 847 (Tex. 1980)). While proof of the predicate act or
omission does not relieve appellees from proving the best interest of the child, the
same evidence may be probative of both issues. In re C.H., 89 S.W.3d 17, 28 (Tex.
2002) (citing Holley v. Adams, 544 S.W.2d 367, 270 (Tex. 1976) and Wiley v.
Spratlan, 543 S.W.2d 349, 351 (Tex. 1976)).
A. Standard of Review
         On appeal, any complaint that the evidence is legally or factually insufficient to
support the findings necessary for termination is analyzed by a heightened standard
of appellate review. In the Interest of B.L.D., 113 S.W.3d at 354 (citing In the
Interest of J.F.C., A.B.C., and M.B.C., 96 S.W.3d 256, 265-66 (Tex. 2002) (defining
the standard of review for legal sufficiency) and In re C.H., 89 S.W.3d at 25 (defining
the standard of review for factual sufficiency)). In reviewing a legal sufficiency claim,
a court should look at all the evidence in the light most favorable to the
finding to determine whether a reasonable trier of fact could have formed
a firm belief or conviction that its finding was true. To give appropriate
deference to the factfinder's conclusions and the role of a court
conducting a legal sufficiency review, looking at the evidence in the light
most favorable to the judgment means that a reviewing court must
assume that the factfinder resolved disputed facts in favor of its finding
if a reasonable factfinder could do so. A corollary to this requirement is
that a court should disregard all evidence that a reasonable factfinder
could have disbelieved or found to have been incredible. This does not
mean that a court must disregard all evidence that does not support the
finding. Disregarding undisputed facts that do not support the finding
could skew the analysis of whether there is clear and convincing
evidence.

In the Interest of J.F.C., 96 S.W.3d at 266.
         In reviewing a factual sufficiency challenge in a termination case, we must give
due consideration to evidence that the factfinder could reasonably have found to be
clear and convincing. Id. (citing In re C.H., 89 S.W.3d at 25). The appropriate
appellate standard is whether the evidence is such that a factfinder could reasonably
form a firm belief or conviction about the truth of the allegations against the parent.
Tex. Fam. Code Ann. § 101.007 (Vernon 2002); In re C.H., 89 S.W.3d at 25. The
standard focuses on whether a reasonable jury could form a firm conviction or belief,
thereby retaining the deference an appellate court must have for the factfinder's role. 
In re C.H., 89 S.W.3d at 26.
         The order in this case set out that the trial court found by clear and convincing
evidence that appellant:
a.knowingly placed and knowingly allowed the child to remain in
conditions and surroundings that endanger[ed] the physical and
emotional well-being of the child;
 
b.engaged in conduct and knowingly placed the child with persons
engaged in conduct that endanger[ed] the physical and emotional
well-being of the child;
 
c.failed to support the child in accordance with his ability during a
period of one year ending within six months of the date of filing
this petition; [and]
 
d.knowingly engaged in criminal conduct that has resulted in his
conviction and confinement or imprisonment and inability to care
for the child for not less than two years from the date this petition
is filed[.]

The court also found "by clear and convincing evidence that termination of the parent-child relationship between [appellant] and the child . . . was in the best interest of the
child." 
B. Predicate Act or Omission Harmful to the Child
         Appellant challenges the legal and factual sufficiency of the evidence as to each
finding. He asserts the testimony and exhibits offered by appellees could not have
produced a firm belief or conviction as to the trial court's first three findings.


 
Appellant also challenges the court's fourth finding, complaining that the trial court
should not have considered the extensive file or his incarceration in prison. See
H.W.J., Sr. v. State Dep't of Public Welfare, 543 S.W.2d 9, 11 (Tex. Civ.
App.–Texarkana 1976, no writ) (incarceration alone, absent other factors, should not
be conclusive of individual's unfitness to be parent).
         The trial court's first two findings concerned endangerment of the child's
physical and emotional well-being. Undisputed testimony established that C.H.W. was
left with drug-abusing persons when he was in appellant's care. Appellees picked up
C.H.W. from the San Marcos jail following appellant's arrest after appellant had been
indicted for interference with a child-custody order. There was also evidence that
appellant committed acts of violence on several occasions in the presence of the child. 
         Appellant's failure to support C.H.W., the court's third finding, was also
established by undisputed evidence. In 1996 appellant was ordered to pay child
support in the amount of $150.00 per month. This order includes within it an implicit
finding that appellant had sufficient means to pay that amount. See In re J.M.M., 80
S.W.3d 232, 250-51 (Tex. App.–Fort Worth 2002, pet. denied); In re R.R.F., 846
S.W.2d 65, 68 (Tex. App.–Corpus Christi 1992, writ denied). However, with the
exception of one $20.00 payment, appellant did not pay child support. Testimony
established he did, however, take vacations, purchase a vehicle, and charge thousands
of dollars on credit cards. Furthermore, we note appellant did not raise his inability to
pay support as an affirmative defense. See In re R.R.F., 846 S.W.2d at 68.
         Additionally, while imprisonment alone is insufficient to determine a termination
of parental rights, this Court has held that section 161.001(1)(Q) of the family code
"permits termination upon a showing of incarceration and inability to care for the
child." In re I.V., 61 S.W.3d 789, 798 (Tex. App.–Corpus Christi 2001, no pet.)
disapproved on other grounds, In re J.F.C., 96 S.W.3d at 267 & n.39. The record
establishes that appellant has been convicted of interfering with a court-ordered child
custody arrangement relating to C.H.W., among other things. It also shows appellant
has been in and out of prison for a great portion of C.H.W.'s life and, at the time of
the termination hearing, was serving a ten-year prison sentence.
         Looking at all the evidence in the light most favorable to the findings, we
conclude that a reasonable trier of fact could have formed a firm belief or conviction
that the trial court's enumerated findings were true. See In the Interest of J.F.C., 96
S.W.3d at 266. Furthermore, giving due consideration to evidence that the factfinder
could reasonably have found to be clear and convincing, the evidence is such that the
trial court could reasonably have formed a firm belief or conviction about the truth of
the allegations against appellant. See Tex. Fam. Code Ann. § 101.007 (Vernon 2002);
In re C.H., 89 S.W.3d at 25; In the Interest of J.F.C., 96 S.W.3d at 266. We
conclude these enumerated findings are supported by clear and convincing evidence. 
Thus, appellant's legal and factual sufficiency challenges fail as to these findings.
C. Termination in Best Interest of Child
         Appellant also challenges the evidence that supports the court's finding that the
termination was in the best interest of C.H.W. The best interest of the child may be
proven by the same evidence used to establish the occurrence of the acts and
omissions listed in section 161.001(1) of the family code. In re C.H., 89 S.W.3d at
28. In this case, the record further reflects that the evidence presented by the
guardian ad litem was limited to a few questions during the trial and a recommendation
for termination. Even such limited participation of a guardian ad litem should be
considered when the trial court determines the best interest of the child. In re J.M.T.,
39 S.W.3d 234, 238-39 (Tex. App.–Waco 1999, no pet.); Turner v. Lutz, 685
S.W.2d 356, 360 (Tex. App.–Austin 1984, no writ). Finally, the Texas Supreme
Court has recognized several other factors which may be considered in determining
when termination is in a child's best interest. Holley, 544 S.W.2d at 372. The nine
factors in this non-exhaustive list include: (1) the desires of the child; (2) the
emotional and physical needs of the child; (3) the emotional and physical danger to the
child; (4) the parental abilities of the individuals seeking custody; (5) the programs
available to assist these individuals; (6) the plans for the child by these individuals; (7)
the stability of the home; (8) the acts or omissions of the parent which may indicate
the existing parent-child relationship is not a proper one; and (9) any excuse for the
acts or omissions of the parent. Id.
         We have considered the evidence that establishes the occurrence of the acts
and omissions listed in section 161.001(1) of the family code. We have also
considered the guardian ad litem's recommendation and the Holley factors. Viewing
all evidence in the light most favorable to the finding, we conclude it is legally
sufficient to support the court's finding that termination is in the best interest of the
child. See In the Interest of J.F.C., 96 S.W.3d at 266. Further, giving due
consideration to evidence that the factfinder could reasonably have found to be clear
and convincing, we conclude it is also factually sufficient. See Tex. Fam. Code Ann.
§ 101.007 (Vernon 2002); In re C.H., 89 S.W.3d at 25; see In the Interest of J.F.C.,
96 S.W.3d at 266. Accordingly, appellant's first point is overruled.
III. Bench Warrant
         By his second point of error, appellant contends the trial court erred in failing to
grant a bench warrant so that he could attend the termination hearing. Although a
litigant may not be denied access to the courts simply because the litigant is
incarcerated, an inmate has only a qualified right to appear personally at a civil trial;
not an absolute right. In the Interest of D.S., 82 S.W.3d 743, 745 (Tex. App.–Corpus
Christi 2002, no pet.); In re B.R.G., 48 S.W.3d 812, 820 (Tex. App.–El Paso 2001,
no pet.). In balancing the interest of the State in preserving the integrity of the
correctional system with the inmate's interest in access to the courts, the trial court
may consider the following: (1) the cost and convenience; (2) the security risk
presented by the prisoner; (3) the substance of the matter; (4) the need for witnessing
the prisoner's demeanor; (5) whether the trial is before the jury or judge; and (6) the
possibility of delaying trial until the inmate is released. In the Interest of D.S., 82
S.W.3d at 745; In re I.V., 61 S.W.3d at 796; In re B.R.G., 48 S.W.3d at 820. 
Additional factors include whether an inmate is represented by counsel and whether
an inmate is a civil defendant rather than a plaintiff. In re I.V., 61 S.W.3d at 796. An
inmate does not have the constitutional right to personally appear in a civil suit when
permitted to appear through counsel. Id. at 797. This Court reviews the trial court's
determination under an abuse-of-discretion standard. Id.; In the Interest of D.S., 82
S.W.3d at 745.
         In March 2001, appellant filed a pro se motion to issue a bench warrant. On
January 10, 2002, by and through his court-appointed attorney ad litem, appellant
filed an application for a bench warrant.


 On January 11, 2002, the trial court denied 
this application. On February 4, 2002, during the pre-trial hearing, the trial court
stated on the record that appellant's application had been denied. Nonetheless, the
court again asked about the application. Counsel for both parties responded that they
had found nothing further in their research on the matter and that appellant's status
had not changed. The court acknowledged that it was still unaware of any
requirement that appellant be present for the hearing. It is clear from the record that
the trial court considered and reconsidered appellant's application for a bench warrant.
         While appellant's interest is paramount, the trial court acknowledged appellant's
representation by counsel. See In re I.V., 61 S.W.3d at 796. During the trial to the
bench, appellant's counsel cross-examined the child's grandmother and was given the
opportunity to present evidence on appellant's behalf. While the trial court determined
appellant was not to appear personally, appellant made no request to proceed by
deposition, telephone or other means, except through counsel. See Pedraza v.
Crossroads Security Sys., 960 S.W.2d 339, 343 n.3 (Tex. App.–Corpus Christi 1997,
no pet.). Appellant did not state how he would "rebut and refute" the testimony
provided by appellees. Additionally, because the trial was before the trial judge who
denied appellant's application for a bench warrant, the risk of leaving the jury with the
impression that the proceeding was not important to appellant did not arise. See In
re D.S., 82 S.W.3d at 747. Appellant had also been incarcerated since 1999 and was
serving a ten year sentence at the time of trial, c.f. id. (fact that incarcerated parent
due to be released fifteen days from trial date weighed in favor of her appearance at
trial). The record shows the trial court was advised that there was no indication that
appellant would be released soon. Appellant's transport would have been from
Huntsville, Texas to Kleberg County, Texas, possibly incurring a substantial cost and
inconvenience, and presenting a security risk. See id. at 745.
         Accordingly, we hold the trial court did not abuse its discretion in denying
appellant's request that he attend the termination hearing. Appellant's second point
of error is overruled.
IV. Conclusion
         The judgment of the trial court is affirmed.
                                                                                                
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Opinion delivered and filed this
4th day of December, 2003.